THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES PUTZEL, Respondent, v. JOHN SIMONSON and Others, Appellants.

*Corporations — Laws of 1890, chapter 563, section 15, relative to persons aggrieved by a corporate election — inspectors will not be ordered to receive and count proxies rejected by them.*

Chapter 563, Laws of 1890, section 15, provides that the Supreme Court shall, upon the application of any person or corporation aggrieved by or complaining of any election of any corporation or any proceeding, act or matter touching the same, upon notice, in a summary way hear the proofs of the parties, " and establish the election, or order a new election, or make such order and give such relief as right and justice may require."

*Held*, that nothing in this section authorized the court to compel inspectors of election to receive and count proxies which they had rejected at an election, and to amend their certificate of election in that regard.

That this was so, although their action in the matter was erroneous.

Appeal by the defendants, John Simonson, Robert E. Babb and Sigismund Behrendsohn, from an order, entered in the office of the clerk of the city and county of New York on the 16th day of July, 1891, directing that a peremptory writ of *mandamus* issue to them commanding them to receive and count certain proxies and amend a certificate of election as therein directed.

The relator was the secretary of the United States Cremation Company (Limited). An election of said company was held June 30, 1891. The relator held certain proxies of stockholders in said company, which said Simonson, Babb and Behrendsohn, who were the inspectors at such election, rejected. The relator then procured

an order that said inspectors show cause why they should not be required to receive and count said proxies.  Upon the return-day of this order a peremptory *mandamus* issued.

*C. T. Haviland,* for the appellants.

*A. L. Sessions,* for the respondent.

PER CURIAM:

We do not think that section 15 of chapter 563 of the Laws of 1890, justified the granting of a *mandamus.*  The section in question is simply a re-enactment of the provisions of the Revised Statutes, and the relief intended by the section was to establish an election already had, or to set aside that election and order a new one, and the proceeding authorized is summary and not by *mandamus.*  There is nothing in that section which authorizes the court to compel the inspectors of election to count votes which they have heretofore refused to count, although they may have acted erroneously.  The only relief which could be afforded, where the inspectors had acted improperly, would be to order a new election in case justice requires such action.  The proceedings for that purpose are prescribed by statute.

The order appealed from should be reversed, with costs of appeal and the proceedings dismissed, with twenty dollars costs.

Present—VAN BRUNT, P. J., DANIELS and INGRAHAM, JJ.

Order reversed, with costs of appeal, and the proceedings dismissed, with twenty dollars costs.