All concurred, except KRUSE, J., who dissented upon the ground that in view of the silence of the crossing bell, what the deceased did for her own safety was sufficient to make the question of her contributory negligence one of fact.

Judgment and order affirmed, with costs.

---

In the Matter of the Triennial Election of the SUPREME COUNCIL OF THE CATHOLIC RELIEF AND BENEFICIARY ASSOCIATION.

THOMAS J. O'DONNELL, Individually and as Grand President of the Grand Council of the State of New York of the CATHOLIC RELIEF AND BENEFICIARY ASSOCIATION, and THOMAS F. MORAN, Appellants; THOMAS H. O'NEIL and Others, Respondents.

Fourth Department, January 11, 1911.

Associations — election of officers in fraternal benefit association — waiver of right to representation — quorum — constitution construed — unauthorized votes — validity of constitution, when not determined.

Where the constitution of a fraternal benefit association consisting of subordinate councils, grand councils, and a supreme council, provides that each grand council is entitled to send two representatives to the meetings of the supreme council, and that subordinate councils shall have no representation in the supreme council, members of a subordinate council are precluded from ques-

tioning the validity of an election of officers at a meeting of the supreme council, in a proceeding under section 32 of the General Corporation Law, where they acquiesced in the provisions of the constitution excluding them by failing to send representatives to the meeting and by not making a demand for representation.

Although the constitution of such association provided that fifteen members were necessary to a quorum in the supreme council, and there were only six representatives at the meeting of the council owing to the fact that only three grand councils were in existence, an election at which officers were unanimously elected by the six representatives is not invalid. The constitutional provision as to a quorum should be construed to mean that fifteen members are required provided there are that or a greater number of persons entitled to vote; but that if the number is less than fifteen, then the whole number if present is a quorum.

Where officers were unanimously elected by the only persons entitled to vote, the election will not be set aside because ballots were cast by persons not entitled to vote.

In a proceeding to test the validity of an election of officers in a fraternal benefit association, brought under section 32 of the General Corporation Law, the court has no power to determine the validity of amendments to the constitution.

APPEAL by the petitioners, Thomas J. O'Donnell, individually and as grand president, etc., and another, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 25th day of February, 1910, confirming and establishing the election of officers of the Catholic Relief and Beneficiary Association at the triennial session of the supreme council thereof, held at Scranton, Penn., September 29 and 30, 1908, and further declaring certain amendments to the constitution of said association adopted at said session to have been duly and legally adopted and promulgated and that the same thereby became laws of said association.

The notice of motion and petition in which this proceeding had its inception are respectively dated and verified May 27, 1909. As stated in the petition, application was thereby made to the court pursuant to section 27 of the General Corporation Law, to wit, chapter 563 of the Laws of 1890, that it inquire into the matter and causes of complaint set forth in the petition as required by said section of the General Corporation Law, and set aside the election of said association held at the time above set forth and order a new election for officers thereof and restore and reinstate the grand council of the said association to all their rights under the constitution of said association

and grant such other or further order or relief as right and justice may require. The association and Thomas H. O'Neil, individually and as supreme president of the association, answered the petition. On the hearing appellant Thomas F. Moran was permitted to intervene as a petitioner in said proceeding. The proceeding has been considered as brought pursuant to section 32 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28). This section is a re-enactment of section 27 of the General Corporation Law (Gen. Laws, chap. 35 [Laws of 1890, chap. 563], § 15, as renumbered and amd. by Laws of 1892, chap. 687) referred to in the petition.

The facts were stipulated on the hearing.

*Frank J. Fitzpatrick*, for the appellants.

*John W. Hogan*, for the respondents.

ROBSON, J.:

The Catholic Relief and Beneficiary Association is a fraternal benefit association organized in 1893, and, as stated in its certificate of incorporation, "is duly authorized to transact the business of a fraternal beneficiary society, order or association, in accordance with the provisions of Section 230 of Article VII of the Insurance Law (Chapter 690 of the Laws of 1892), and that said Association is duly constituted a body politic and corporate."

The association as organized was the supreme council or body. It adopted a constitution and by-laws, and many local or subordinate councils were organized as therein provided, which were under the jurisdiction of the supreme council. Provision was made for the organization of grand councils, but no such council was organized prior to the year 1905. The supreme council was required to meet triennially, and officers were chosen at such meetings. At the meetings of this council prior to and in the year 1902 representatives chosen by the subordinate councils attended, and such representatives were members of the supreme council. (Ins. Law, § 230, *supra.*) In 1905, and prior to the meeting of the supreme council in that year, three grand councils were organized. Each grand council embraced within its jurisdiction the subordinate councils in the State for which the grand council was organized, and no

others.   There were then, and since have been, at least fifteen local or subordinate councils outside of the three States in which grand councils were organized which were not and could not be included or represented in the grand councils so organized.   Grand councils having been organized, the constitution of the association then in effect provided that each grand council was entitled to send two representatives to the meeting of the supreme council, and that subordinate councils should not be represented in the supreme council.   There was also a further provision that fifteen members of the supreme council should constitute a quorum to do business.

The petitioner O'Donnell is a member in good standing of one of the subordinate councils of the association, and is an insurance member, holding a certificate or policy of insurance issued by the association.   He was and had been since its organization president of the New York Grand Council.   Petitioner Moran is a member in good standing of a subordinate council not included in or subject in any way to the jurisdiction of any one of the grand councils of the association, and is an insurance member of the association.

It does not seem necessary to refer in detail to the admitted facts from which it satisfactorily appears that the date and place of meeting of the supreme council was legally fixed and that sufficient notice thereof was given.

Each of the three grand councils elected and sent to this meeting two representatives.   No one of the subordinate councils sent a representative and no demand was made in behalf of any such council, or individual member thereof, for representation either in this or the preceding meeting held in 1905.   If such demand had been made and refused, it is possible that the validity of an election had thereafter might be open to question.   But having omitted to demand their right to representation in the supreme council at both meetings these subordinate councils, it may well be held, waived their right to representation, if any existed, and acquiesced in the provision of the constitution that subordinate councils should not be represented in the supreme council to the extent, at least, of precluding a question of the validity of the election of the officers at such meeting, by any subordinate council or member thereof.

Another ground of invalidity is urged because the representatives of the grand councils were only six in all, and the constitution pro-

viding that fifteen members are necessary for a quorum, no legal meeting could be held. If this claim be tenable, then it necessarily follows that no constitutional meeting of the association could be held, for there were but three grand councils each entitled to send but two representatives to the supreme council. It would follow that the association had absolutely precluded itself from thereafter holding a meeting for any purpose, even to correct the offending provisions, until at least eight grand councils had been formed, a contingency the fulfillment of which, in view of the rate of increase of subordinate councils during the recent years of the existence of the association, would be long postponed. It does not seem necessary to hold that this is the effect of this provision as to the number necessary to constitute a quorum. It should be given such reasonable construction as may tend to carry out rather than to frustrate and set at naught the purpose of its enactment. Giving it such construction its purpose would be served by requiring at least fifteen members of the supreme council to constitute a quorum, provided there were that or a greater number of persons entitled to membership of the council, and in the event the number of persons entitled to act as members was less than fifteen, then the whole number, if present, would constitute a quorum. The suggestion that each of the subordinate councils, not included within the grand councils, might be entitled to a representative in the supreme council, who, together with the six representatives from the grand councils, would make a membership of the supreme council in excess of the required quorum number, does not aid in determining the intention of the association expressed in this provision of its constitution; for it is clearly provided that only representatives of grand councils shall be members of the supreme council, and possible delegates from subordinate councils could not have been contemplated as forming part of the required quorum from which they were expressly excluded as members.

It appears that the officers whose successors were to be chosen at this meeting and others known as incorporators were declared entitled to seats in this meeting and some of these persons voted for the officers then elected. But it also appears that the election of each officer was unanimous, and that each of the six delegates voted in favor of each officer elected. If the six accredited delegates from

the grand councils were the only members of the supreme council entitled to elect the officers of the association and all voted for each officer elected, it does not appear how such election can be held invalid because other ballots were cast for these officers by persons not entitled to vote. The election was not dependent upon nor in any sense decided by these unauthorized votes.

We are of the opinion that the order establishing and confirming the election of officers at the meeting of the association held in 1908 and declaring the same valid and legal should be affirmed. But the further provision of the order by which it is determined that the amendments to the constitution of the association adopted at that meeting were duly and legally adopted and promulgated and thereby became the laws of said association, assumes to determine matters which could not properly be passed upon in this proceeding. It may be true that, if the election is valid, the amendments were properly adopted and promulgated; but a determination of those questions in the summary way provided by the statute for establishing the validity or declaring the invalidity of an election of officers is not authorized. As was said by this court in *Matter of Utica Fire Alarm Telegraph Co.* (115 App. Div. 821, 826): " This proceeding is brought under the provisions of section 27 of the General Corporation Law (Laws of 1892, chap. 687), which empowers the Supreme Court summarily to inquire into and determine the validity of the elections of corporations and any proceeding, act or matter touching the same. While the court has ample power under this section to determine any question relating to the election, even such as is merely incidental thereto when necessarily involved in the controversy, the proceeding is not an action, and is inappropriate for determining equitable claims or questions not necessarily involved in deciding the primary question." (*People ex rel. Putzel* v. *Simonson*, 61 Hun, 338.)

All concurred.

Order modified by striking therefrom the provision declaring the amendments to the constitution adopted at the triennial meeting of the association in 1908 were duly and legally adopted and promulgated and thereby became the laws of said association, and as so modified affirmed, without costs of this appeal to either party.