·(156 App. Div. 386.)

.PEOPLE ex rel. WILSON v. AFRICAN WESLEYAN METHODIST EPIS-COPAL CHURCH.

·(Supreme Court, Appellate Division, Second Department. April 30, 1913.)

1. MANDAMUS (§ 181*)—ALTERNATIVE WRIT—PLEADINGS—ISSUES—PEREMPTO-RY WRIT.

An alternative writ of mandamus is in the nature of an order to show cause, and the writ and return constitute the pleadings, on which the issues must be determined, and until such determination no substan-tial right of any party is affected, and though relator gave notice of application for an alternative writ, where the matter was argued on the merits on his affidavits and those produced by respondent, the alter-native writ must be held to have been waived, and the application to have been for a peremptory writ.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. § 181.*]

·2. RELIGIOUS SOCIETIES (§ 8*)—CORPORATE MEETINGS—NOTICE.

Where a notice of a corporate meeting of a religious society was in accordance with the statute, and made no reference to a class meeting

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to be held at the same time and place, the mere fact that the two meetings were called for the same time and place did not affect the regularity of the corporate meeting, unless the rights of some persons entitled to participate therein were affected.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 32–46; Dec. Dig. § 8.*]

3. MANDAMUS (§ 3*)—ELECTION OF CORPORATE OFFICERS—REVIEW—REMEDY.
Mandamus does not lie to review the validity of the election of trustees of a religious society, but the remedy is by summary proceeding, provided by General Corporation Law (Consol. Laws 1909, c. 23) § 32.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 8, 10, 11, 16–34; Dec. Dig. § 3.*]

Appeal from Special Term, Kings County.

Mandamus by the People, on the relation of Wayman D. P. Wilson, against the African Wesleyan Methodist Episcopal Church. From an order denying an application for an alternative writ, relator appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Francis F. Giles, of Brooklyn, for appellant.

Julius L. Mitchell, of New York City (Wilford H. Smith, of New York City, on the brief), for respondent.

BURR, J. Upon a petition signed by him, but not verified, and on three accompanying affidavits, relator gave notice to respondent that he would apply at a Special Term of the Supreme Court for an alternative writ of mandamus requiring the African Wesleyan Methodist Episcopal Church and its pastor to call a corporate meeting of all of the members of said church for the purpose of electing trustees of said corporation to succeed those whose terms of office expired January 6, 1913, and for such other and further relief as may be just. Upon the date specified in said notice respondent appeared and submitted seven affidavits in opposition to said motion, and the court thereupon proceeded to determine the matter upon the merits. From an order denying the application, relator appeals.

If this could be considered as an application for an alternative writ of mandamus, it may be that the order should be reversed. An alternative writ of mandamus may be granted without previous notice of the application, unless the court otherwise requires. Code Civ. Proc. § 2067. Issue in such a proceeding is joined, not by affidavits, but by the filing of a return in the office of the clerk of the county designated in such writ, within 20 days after service thereof, or by a demurrer thereto. Id. §§ 2072, 2074, 2078.

[1] An alternative writ of mandamus is in the nature of an order to show cause. It does not affect a substantial right, because it determines nothing against the respondent, or in favor of the relator, except questions as to the jurisdiction of the court. The writ and the return constitute in substance pleadings upon which issues of fact or of law will arise, accordingly as there may be demurrers to or denials of the facts alleged. Upon those pleadings the issue, whatever

it may be, will be determined, and until such determination no substantial right of any party is affected. People ex rel. Ackerman v. Lumb, 6 App. Div. 26, 39 N. Y. Supp. 514; People ex rel. Levenson v. O'Donnel, 99 App. Div. 253, 90 N. Y. Supp. 961; People ex rel. Ruman v. National Slavonic Society, 144 App. Div. 574, 129 N. Y. Supp. 603. An alternative writ of mandamus cannot be quashed or set aside upon motion for any matter involving the merits. Code Civ. Proc. § 2075. As we have pointed out, affidavits were presented in opposition to the motion, they were received without objection, and without objection the questions involved were argued upon the merits at Special Term, and again upon the hearing of the appeal in this court. This could only be upon the ground that relator waived his application for an alternative writ of mandamus, and, under his general application for "other and further relief," sought to sustain the proceeding as an application for a peremptory writ. So considered, this order must be affirmed.

[2] Relator attacks the validity of a meeting for the election of trustees of the respondent, held on January 6, 1913, upon the ground that in connection with the notice given of the corporate meeting an additional notice was given that a class meeting would be held on the same date in connection therewith. The notice of the corporate meeting, which was made a part of the record, is strictly in accordance with the statute, and makes no reference to such joint meeting. Even if it were the fact that both meetings were called for the same hour and at the same place, this would not affect the regularity of the corporate meeting, unless the rights of some persons entitled to attend and participate therein were affected. This does not appear to be the case.

[3] In his brief the learned counsel for the appellant attacks the validity of the election for trustees, concededly held at such meeting. It is a sufficient answer to objections made upon this ground to say that this is not a summary proceeding to review a corporate election. General Corporation Law (Consolidated Laws, c. 23 [Laws 1909, c. 28]) § 32. Mandamus is not an appropriate remedy to review such a proceeding. People ex rel. Putzel v. Simonson, 61 Hun, 338, 16 N. Y. Supp. 118.

The order should be affirmed, with $10 costs and disbursements. All concur.