PEOPLE ex rel. ELMIRA ADVERTISER ASS'N v. GORMAN et al.
(No. 270–32.)

(Supreme Court, Appellate Division, Third Department.　November 10, 1915.)

1. MANDAMUS ☞181—ALTERNATIVE WRITS—REQUISITES.
　　Although the prayer of a petition is specifically for an alternative writ of mandamus, where the real demand made is for a peremptory writ, and the application is heard, upon affidavits, as is a peremptory writ, the application must be regarded as for a peremptory writ.
　　[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 401–404, 406, 408, 409, 418; Dec. Dig. ☞181.]

2. MANDAMUS ☞157—ALTERNATIVE WRIT—NOTICE.
　　Under Code Civ. Proc. § 2067, providing that an alternative writ of mandamus may be granted on affidavit, and that previous notice of the application must be given to a judge of the court or to the person to whom it is directed, it may be granted without previous notice of the application, unless the court otherwise requires.
　　[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 317–323, 371; Dec. Dig. ☞157.]

3. MANDAMUS ☞163, 164—ALTERNATIVE WRIT—JOINDER OF ISSUES.
　　Issue in an application for an alternative writ of mandamus is joined, not by affidavits, but by the filing of a writ within the time required by

Code Civ. Proc. § 2072, providing for a return to an alternative writ of mandamus, or by demurrer to the writ under Code Civ. Proc. § 2078, providing that the relator or people may demur to the writ for insufficiency in law upon its face.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 341–360; Dec. Dig. ☞163, 164.]

4. MANDAMUS ☞159—ALTERNATIVE WRIT—CHARACTER.

An alternative writ of mandamus is in the nature of an order to show cause, and does not affect a substantial right, since it determines nothing except the question as to the jurisdiction of the court.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 324, 325; Dec. Dig. ☞159.]

5. MANDAMUS ☞162—NEWSPAPERS ☞1—DESIGNATION—ACTS OF BOARD— CERTIORARI.

Where a board of supervisors has once duly designated a newspaper as the official paper for publishing notices for one party for a year, it cannot subsequently designate another paper for the same purpose for the same year, and its action is an administrative act, not reviewable by certiorari.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 338–340; Dec. Dig. ☞162; Newspapers, Cent. Dig. §§ 1–13; Dec. Dig. ☞1.]

6. MANDAMUS ☞71—ACT OF PUBLIC OFFICERS—MINISTERIAL ACTS.

Where the law requires a public officer to do a specified act in a specified way on a conceded state of facts, without regard to his own judgment, his duty is ministerial, and performance may be compelled by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 133; Dec. Dig. ☞71.]

7. MANDAMUS ☞70—ACTS OF PUBLIC OFFICERS—DISCRETIONARY ACTS.

Where the law requires a judicial determination to be made by public officer, such as the decision of a question of fact, or the exercise of judgment whether an act shall or shall not be done, the duty is judicial, and mandamus will not lie to compel its performance.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 132; Dec. Dig. ☞70.]

8. MANDAMUS ☞73—ACTS OF PUBLIC OFFICERS—CHARACTER OF ACTS.

Where members of the board of supervisors of a county designated a paper as official for the publication of Session Laws, their act was an administrative one, not open to review upon certiorari, and therefore could not be set aside by a peremptory writ of mandamus, commanding them to act again.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 115, 135, 144–149; Dec. Dig. ☞73.]

9. NEWSPAPERS ☞1—DESIGNATION OF OFFICIAL PAPER—NONCOMPLIANCE WITH LAW—REVIEW.

Although County Law (Consol. Laws, c. 11) § 20, provides that designation of a paper or papers made contrary to the provisions of the law shall be void, an allegation of the relator that a designation of a newspaper does not comply with the provisions of the statute, though supported by affidavits, is not sufficient to set aside the action of the board.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 1–13; Dec. Dig. ☞1.]

10. NEWSPAPERS ☞1—DESIGNATION—SUPPORT OF PARTY.

Although the law requires that the paper supporting the party at the last election shall be designated on its behalf to publish the Session Laws, it is within the discretion of the board of supervisors to designate a paper which has not constantly supported the party, if it makes such designation

in good faith and upon the ground that such paper most nearly supported the party at the last election.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 1–13; Dec. Dig. ⬳1.]

11. NEWSPAPERS ⬳1—DESIGNATION—RIGHT TO BE NAMED.

The fact that a newspaper for a long time advocated the principles and policy of one party does not entitle it to be designated to publish the Session Laws, unless at the time of the designation it is supporting the party.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 1–13; Dec. Dig. ⬳1.]

12. MANDAMUS ⬳176—ACTS OF BOARDS—DISCRETIONARY ACTS—JURISDICTION OF COURT.

The court has no jurisdiction to issue a writ of mandamus to compel a board to do a discretionary act in a specified way, but its sole function is to set the board in motion, without directing the manner of performance.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 392–394; Dec. Dig. ⬳176.]

13. NEWSPAPERS ⬳1—DESIGNATION—DISCRETION OF COURT.

While the law requires that the newspapers supporting a given party at the last election shall be designated as official for publishing the Session Laws, the court will not, in the absence of fraud, disturb the determination of the board of supervisors as to which paper fulfills the requirements.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 1–13; Dec. Dig. ⬳1.]

14. MANDAMUS ⬳73—WHEN ACTION WILL LIE.

Where the board of supervisors has performed an act required of it by law, until that action has been nullified by judicial action, it cannot be compelled to act again.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 115, 135, 144–149; Dec. Dig. ⬳73.]

15. MANDAMUS ⬳10—PEREMPTORY WRIT—PURPOSE.

A peremptory writ of mandamus cannot serve to adjust controverted questions of law and fact, and in the absence of a clear legal right the courts will refuse to interfere with the action of tribunals intrusted with administrative powers.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 37; Dec. Dig. ⬳10.]

Appeal from Special Term, Madison County.

Application for an alternative writ of mandamus by the People of the State of New York, on the relation of the Elmira Advertiser Association, against Frank J. Gorman, as Clerk of the Board of Supervisors of Chemung County, and others. From an order denying the application (155 N. Y. Supp. 722), the relator appeals. Affirmed.

Argued before KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

James O. Sebring, of Corning, for appellant.

Richard H. Thurston and H. H. Rockwell, both of Elmira, for respondents.

WOODWARD, J. The relator in its petition sets up the formal facts of its incorporation; that it is a taxpayer in the city of Elmira; that the county of Chemung consists of 11 towns and the city of El-

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

mira, and that the respondents named are the Republican supervisors representing such city and towns, and were such supervisors at the times mentioned in the petition; that the people of Chemung county are divided into two great political parties, Republican and Democratic, and that the Elmira Advertiser is and has been a Republic newspaper, advocating the principles of said party, and has supported the state and national nominees thereof, and has, at all such times, had a regular and general circulation in the said towns and city in the said county of Chemung—and alleges:

That "under the provisions of sections 20 and 22 of chapter 16 of the Laws of 1909, known as chapter 11 of the Consolidated Laws and as the County Law, the Elmira Advertiser is now and has been ever since the enactment of said act entitled to be designated as provided in the said sections as one of the papers for the publication of the Session Laws, concurrent resolutions, election notices, and official canvass, and the only paper fairly representing the said Republican party entitled to the said designation; that the said members of the said board of supervisors, representing the said Republican party, have failed, refused, and neglected to designate the petitioner, or the paper so published by it, in writing, as provided in the said sections, to publish the Session Laws, * * * and that the said members of the said board of supervisors, representing as aforesaid the said Republican party, and each of them, have failed, refused, and neglected to sign any such designation, or to cause any such designation to be filed with the said clerk of the said board of supervisors, and the said clerk has failed, refused, and neglected to forward any such designation to the secretary of state, as provided in section 20 of the said act;" that the "petitioner further respectfully shows upon information and belief that on or about December 10, 1914, the respondents mentioned in paragraph 8 hereof, being the Republican supervisors, as petitioner is informed and believes, assuming to act under the provisions of said sections 20 and 22 of the said act, did sign a certain writing, which writing did purport to designate a certain paper published in the city of Elmira, known as the Elmira Star-Gazette, as the said Republican paper in which to publish the said Session Laws * * * for the year 1915, and did cause the said writing to be filed with the said clerk, and did report the same to the said board of supervisors, at its said last annual session then being held in said city, as such designation, and the same was by the said board incorporated in and made a part of its official proceedings of the said annual session, and that the said attempted designation of the said newspaper was and is contrary to the provisions of said sections 20 and 22 of the said act, and was and is wholly null and void."

The petition then alleges that the Elmira Star-Gazette "does not now and never has advocated the principles of the said Republican party or support its state and national nominees," and that it has heretofore supported the nominees of the Democratic party; that the Elmira Advertiser and the Elmira Star-Gazette and the Elmira Herald are the only newspapers representing the two leading parties, and complying with the statute, and that the said Elmira Herald has been duly designated to publish the Sessions Laws, etc., by the Democratic members of the board of supervisors, and that "unless this application is granted, and the petitioner or its said newspaper is designated as the paper in which to publish the said Session Laws * * * for the year 1915, no newspaper representing the Republican party will be designated as required by law." This is followed by an allegation in reference to the provisions of the Tax Law, requiring the publication of tax notices in the official paper, and an allegation that the relator has no other adequate relief, and a prayer:

"That an alternative writ of mandamus issue out of and under the seal of this court, directing and commanding the respondents, * * * or such of them and other members of the said board of supervisors, respondents, as represent the Republican party, to designate in writing the said paper published by the petitioner, to wit, the Elmira Advertiser, to publish the Session Laws * * * under the provisions of the said sections 20 and 22 of the said act, and commanding them to sign such designation and file it with the respondent, Frank J. Gorman, as the clerk of the said board of supervisors, and commanding and requiring the said respondent, Frank J. Gorman, as such clerk of said board, as soon as such designation is made, to forward to the secretary of state a notice stating that the said Elmira Advertiser, of Elmira, N. Y., had been selected for the publication within the county of Chemung of the laws and concurrent resolutions of the Legislature, and commanding the respondent, Frank J. Gorman, as such clerk, to notify the said members of the said board of supervisors to meet and convene for the purpose of making said designation, and commanding and requiring said members to meet and convene for said purpose, and for such other, further, and different order and relief as shall be just and proper in these proceedings," etc.

[1] While the prayer of the petition is, in language, for an alternative writ, it must be entirely obvious that the real demand is for a peremptory writ of mandamus. The petition recites matters which tend to show that the Elmira Advertiser is the only newspaper published in Chemung county which meets the requirements of the statute, and asks the court to direct and command the respondents to "designate in writing the said paper published by the petitioner, to wit, the Elmira Advertiser." Moreover, the proceeding has been heard in detail upon affidavits, the publisher of the Elmira Star-Gazette having been brought into the proceeding, and all of the facts appear to have been elicited which could reasonably be expected to have any bearing upon the issues presented. If this could be considered as an application for an alternative writ of mandamus, it may be that the order should be reversed.

[2-4] An alternative writ of mandamus may be granted without previous notice of the application, unless the court otherwise requires. Code Civil Procedure, § 2067. Issue in such a proceeding is joined, not by affidavits, but by a filing of a return in the office of the clerk of the county designated in such writ, within 20 days after service thereof, or by a demurrer thereto. Code Civil Procedure, §§ 2072, 2074, 2078. An alternative writ of mandamus is in the nature of an order to show cause. It does not affect a substantial right, because it determines nothing against the respondent, or in favor of the relator, except questions as to the jurisdiction of the court. The writ and the return constitute, in substance, pleadings upon which issues of law or of fact will arise, according as there may be demurrers or denials of the facts alleged. Upon those pleadings the issue, whatever it may be, will be determined, and, until such determination, no substantial right of any party is affected.

An alternative writ of mandamus cannot be quashed or set aside upon motion for any matter involving the merits. Code of Civil Procedure, § 2075. As we have pointed out, affidavits were presented in opposition to the motion. They were received without objection, and without objection the questions involved were argued upon the merits at Special Term, and again upon the hearing of the appeal in this

court. This could only be upon the ground that the relator waived his application for an alternative writ of mandamus, and relied upon his demand for specific relief, and sought to sustain the proceeding as an application for a peremptory writ. People ex rel. Wilson v. African W. M. E. Church, 156 App. Div. 386, 388, 141 N. Y. Supp. 394. Indeed, it is now the contention of the relator that, as the Elmira Advertiser is the only newspaper in the county of Chemung which meets the requirements of the statute, it is the duty of this court to direct the respondents to designate such newspaper, and the question must be dealt with here upon the theory that the relator asks for a peremptory writ of mandamus.

[5] The situation, then, is this: The Republican members of the board of supervisors of Chemung county have, conforming to all of the forms of the statute, designated the Elmira Star-Gazette as the official newspaper of Chemung county for the year 1915 in behalf of the Republican party. Their power and authority, if legally exercised, have been exhausted in this regard. They have no further power to appoint an official paper for the current year, and it has been held that the determination of the supervisors, representing one of the two principal political parties into which the people of a county are divided, or a majority of them, which designates a newspaper to publish the Session Laws and concurrent resolutions of the Legislature by virtue of section 20 of the County Law, is an administrative act, not reviewable by certiorari. People ex rel. R. & J. Co. v. Wiggins, 199 N. Y. 382, 92 N. E. 789.

[6, 7] The respondents, it is conceded, have acted; but it is the contention of the relator that the action, not being in harmony with the statute, is void, and that mandamus will lie to compel the respondents to ignore their previous action and to designate the Elmira Advertiser in place of the Elmira Star-Gazette; that is, the relator concedes, by its contention, that the action of the respondents is not judicial in character. When the law requires a public officer to do a specified act, in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act, and with no power to exercise discretion, the duty is ministerial in character, and performance may be compelled by mandamus, if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact or the exercise of judgment in deciding whether the act should be done or not, the duty is regarded as judicial, and mandamus will not lie to compel performance. People ex rel. Harris v. Commissioners, 149 N. Y. 26, 31, 43 N. E. 418.

[8, 9] The respondents, in making the designation, did not act judicially, but rather in an administrative capacity, and that action, not being open to review upon certiorari, cannot be set aside by a peremptory writ of mandamus. While it is true that the statute provides that "designation of a paper or papers made contrary to the provisions of this section shall be void" (County Law, § 20), the mere suggestion of the relator that the designation here under consideration does not comply with the provisions of the statute, even though supported by affidavits, is not sufficient to set aside the action of the respondents.

[10] Since the determination of the Court of Appeals in People ex rel. Bonheur v. Christ, 208 N. Y. 6, 101 N. E. 846, that the primary purpose of the law is publication, and that this duty devolves upon the board of supervisors in a case where the conditions cannot be literally fulfilled, we are not prepared to hold that it was not competent for the respondents acting in good faith, to appoint a newspaper to publish the laws in behalf of the Republican party which had not always been a party organ, in the place of one which had always fulfilled this rôle, but which, upon a particular occasion, and in the year then just coming to a close, had concededly varied its policy and had refrained from the support of some of the party candidates. If, as is claimed by the respondents, they reached the conclusion in good faith that the Elmira Star-Gazette more nearly represented and advocated the principles of the Republican party than the Elmira Advertiser (and no question is raised upon any other of the requirements), we see no reason why they might not properly designate the Star-Gazette; it being conceded that this is the only other paper in the county of Chemung which was open to the performance of this service.

[11] The fact that the Elmira Advertiser has for a long series of years advocated the principles and the policies of the Republican party gives it no rights to the publication of the Session Laws, etc., unless it is at the time of the designation fulfilling that rôle; and while it may be read between the lines, perhaps, that the change was made for the purpose of disciplining the Elmira Advertiser, we think it is not the province of this court, by peremptory writ of mandamus, to set aside the action of the respondents and to compel them to do something entirely different.

[12] While the court may require the performance of a purely ministerial duty in a particular manner, its command is never given to compel the discharge of a duty involving the exercise of judgment or discretion in any specified way, for that would substitute the judgment or discretion of the court issuing the writ for that of the person or persons against whom the writ was issued. In such cases its sole function is to set in motion, without directing the manner of performance. People ex rel. Harris v. Commissioners, 149 N. Y. 26, 30, 43 N. E. 418. As was said in People ex rel. Francis v. Common Council of Troy, 78 N. Y. 33, 39, 34 Am. Rep. 500:

"A subordinate body can be directed to act, but not how to act, in a matter as to which it has the right to exercise its judgment. The character of the duty and not that of the body or officer, determines how far performance of the duty may be enforced by mandamus. Where a subordinate body is vested with power to determine a question of fact, the duty is judicial; and though it can be compelled by mandamus to determine the fact, it cannot be directed to decide it in a particular way, however clearly it be made to appear what the decision ought to be."

It is a universal rule that, in the discharge of all duties involving the exercise of official judgment or discretion, the officer or tribunal must be left free to act, and cannot be controlled in a particular direction.

[13] The statute here under consideration creates a practically unworkable scheme; it takes away from the board of supervisors as

an organized body the authority to provide for the publication of the laws, and places it in the heads of the individuals belonging to the dominant political parties, and leaves it for them to determine what paper "fairly" represents the "political party to which they respectively belong, regard being had to the advocacy by such papers of the principles of its party and the support of the state and national nominees thereof, and to its regular and general circulation in the towns of the county," etc. This obviously provides a very elastic standard. What might seem to be a very fair representation of the Republican party to one Republican might appear to be a most unfair understanding of its principles and policies to another, depending upon the factional bias; and an independent newspaper might, under certain circumstances, fairly represent the Republican conceptions of a majority of the party members of the board of supervisors, though varying materially from the conceptions held by the editor of a rival newspaper; and, in the absence of fraud, we are of the opinion that it is not the province of this court to undertake to determine what are the principles of the Republican party, or which of two rival claimants for the patronage has most nearly expressed those principles at any particular time.

[14] This is a fact to be determined by each individual supervisor for himself, acting in good faith; and while there is no doubt that this court might compel the members to act, we think there is no authority in law to compel them to designate a particular newspaper. They have already acted, and have discharged the functions conferred upon them by law, and until that action has been nullified by some judicial action we are of the opinion that they cannot be compelled to act again, and that the court at Special Term properly dismissed the petition.

[15] It is not the province of a peremptory writ of mandamus to adjust controverted questions of law and fact (Matter of McNeile, 107 App. Div. 338, 340, 95 N. Y. Supp. 146); and, in the absence of a clear legal right, the courts should refuse, in the exercise of a sound discretion, to interfere with the action of tribunals intrusted with administrative powers.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur; KELLOGG, J., in result.