(23 Misc. Rep. 177.)

### CLASON v. STEWART.

(Supreme Court, Special Term, New York County. March, 1898.)

1. ESTOPPEL—PURCHASER OF TAX CERTIFICATE.
    A testator claimed real estate under an invalid tax sale, on which a lease for 500 years was given in 1859, and held possession by tenants until 1886, when plaintiff, the legal owner, learned of the invalidity of the testator's right, and recovered possession. *Held*, that plaintiff, having done nothing to induce the purchase of the tax certificate, was not estopped from bringing an action to bar claims under it at any time before a legal title had been acquired by limitation.

2. SAME—ACTS AS EXECUTOR.
    Where an executor, after learning his ownership of real estate claimed by his testator, under an invalid tax certificate, brings an action against the testator's tenant, in which he recovers possession, and is removed from his office therefor, as an act hostile to his duties as executor, he is not estopped from bringing an action to quiet title after removal, against an administrator subsequently appointed.

3. ADVERSE CLAIMS TO REALTY—POSSESSION.
    Code Civ. Proc. § 1638, gives the right to a person who has been in possession of real property for one year, in which he claims an estate not less than a 10-year term, to bring an action to determine any adverse claim thereto. *Held* that, under the statute, constructive possession, as through tenants, was sufficient.

Action by Josephine F. Clason against Thomas E. Stewart, as administrator, etc. Judgment for plaintiff.

George W. Stephens, for plaintiff.
E. H. Benn, for defendant.

RUSSELL, J. This action is brought to quiet the title to the lot No. 42 Sheriff street, in the city of New York, claimed by the plaintiff in fee. Code Civ. Proc. §§ 1638, 1639. The plaintiff's father was the owner, and by his devise and the death of her brother she be-

came seised in fee simple, now embarrassed only by the claim of the defendant as representative of the interests of Elizabeth Carter, deceased. Mrs. Carter's interest was derived from a sale made by the city of New York for taxes in 1859 on which a lease was given for the term of 500 years to Robert Bruce, who assigned his certificate of sale to Mrs. Carter, to whom the lease was executed and delivered on the 28th of October, 1861. It is very evident that some of the initial proceedings, as well as those subsequent to the sale for taxes, were defective; and the regularity of the tax title is not seriously contended for by the defendant's counsel. Nor does he claim that the statute making the certificate conclusive proof of the regularity of the sale applies to render valid defects occurring before or subsequent to the sale. But the defendant's counsel strenuously urges that acquiescence of Miss Clason for many years has produced an estoppel, which prevents her now from asserting her actual title. The proof is meager as to possession from 1861 to 1872, but on the 13th day of that year Mrs. Carter leased the premises to John Baldwin for 21 years from May 1st. He assigned the lease to Julia Levy and Rose Baldwin, who, in January, 1875, assigned the lease to John R. Baldwin, who took possession and agreed to pay the rent. In 1884, George R. Baldwin, the purchaser of the last-named lease, died, leaving Elizabeth S. Baldwin executrix. An action was begun by Mrs. Carter against this executrix for rent, which was defended, and, pending that action, Mrs. Carter died, leaving a will appointing the plaintiff, Miss Clason, and William H. Jacob, executors. They took upon them the duties of their trust, stepped into Mrs. Carter's place in the suit against Mrs. Baldwin, and obtained a citation from a surrogate compelling her to account. About the year 1886, Miss Clason, presumably, became aware of her rights on account of the defective character of the tax-sale proceedings, and brought an action against Baldwin, to recover possession, which was awarded to her in June, 1892; she then taking actual possession, and since continuing in possession, through her tenants. On the trial of that action, though one of the executors of Mrs. Carter, she made no allusion to the tax lease held by the estate of Mrs. Carter; and, for this act of hostility to the interest of that estate, she and her co-executor were removed, and the defendant, a creditor of Mrs. Carter's estate, was appointed administrator with the will annexed.

Miss Clason's recognition, in the performance of her duties as executrix, of the interest of Mrs. Carter, and failure to make any objection to her title for years before, are now claimed to constitute an estoppel against her, notwithstanding that she seems to have asserted her claim as soon as information came to her of the defects in the tax title. The well-known rule that a person cannot stand by and see another take title, whereby great loss would occur if the title were invalid, and thereafter assert her own concealed title to produce that very loss, is urged by the counsel for the defendant to defeat the otherwise legal title of the plaintiff. Such is not the present case, however. Miss Clason received none of the benefits derived from the purchase of the certificate of sale by Mrs. Carter. Her action or silence had no apparent effect to induce Mrs. Carter's

purchase. The proceedings of the city were in invitum, or a virtual seizure of property to pay taxes, which the plaintiff might at any time resist when knowledge came to her that defects existed, unless a defective title had ripened by limitation into a legal one. Nor did her acts as executrix estop her except concurrently with her tenure as executrix. While acting as executrix, it was her duty to prosecute all remedies pending for the benefit of the estate, especially where the tenant could not dispute the title of the landlord; so that Miss Clason's title was no defense in that action, and also where the executrix acted in ignorance of her own rights. Her paramount duty during her trusteeship was to the estate she represented, as was decided in a collateral proceeding with reference to this very property. In re Jacob, 5 App. Div. 508, 38 N. Y. Supp. 1083. Released or removed from this duty, her own legal rights sprang into being, unless by their enforcement the estate was deprived of rights which it would not have lost but for her action as trustee. Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69. There is no right which the estate of Mrs. Carter had in the property in question, but that the defendant here might assert, unclouded by any act of the plaintiff, Miss Clason, during her tenure as executrix. There can be no estoppel of the plaintiff from here asserting her actual, honest ownership of the premises in question.

The right to maintain this action is given, by section 1638 of the Code of Civil Procedure, to a person who has been for one year in possession of real property or any undivided interest therein, claiming an estate in it not less than a 10-year term. By the amendment of 1891 the word "actual" was eliminated before the word "possession," showing that a constructive possession, as through tenants, is sufficient. The possession of the tenant is only a personal interest. Underlying it is the seisin of the plaintiff as the freehold owner. Her action will lie, therefore, although the property is physically possessed by her tenants.

Judgment is directed for the plaintiff, adjudging that she is the owner in fee of the premises, and barring and foreclosing the defendant from all right, title, or interest therein, with costs against the defendant. Ordered accordingly.