(54 Misc. Rep. 151)

### LESE v. METZINGER.

(Supreme Court, Special Term, New York County. April, 1907.)

VENDOR AND PURCHASER—MARKETABLE TITLE.

In 1898, under Code Civ. Proc. § 1638, and section 1639, subd. 3, an action to quiet title could be maintained only where plaintiff had been in possession for a year and defendant claimed an interest therein. The complaint in such an action did not allege the plaintiff was ever in possession, and there was evidence that neither the defendants nor any other person ever asserted an adverse claim thereto. Held, that a judgment for plaintiff by default was without effect, and a title depending thereon was unmarketable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 245, 246.]

Action by Louis Lese against Henry Metzinger. Judgment for plaintiff.

Lese & Connolly, for plaintiff.
William H. Mellor, for defendant.

O'GORMAN, J. *Action by vendee for specific performance, or, if title is unmarketable, for the return of the deposit, with the expense incurred in the examination of title.* The defendant asserts title through an unrecorded deed, which has been lost, and in an action to quiet title sued the heirs and devisees of the vendor therein named. The defendants, sued as John Doe and Richard Roe, were served by publication.

The marketability of the title depends upon the validity of the judgment obtained by default in that action. Such an action is a strictly statutory proceeding, and sections 1638 to 1650 of the Code of Civil Procedure provide exclusive rules for the institution and maintenance thereof. Merritt v. Smith, 50 App. Div. 349, 63 N. Y. Supp. 1068; King v. Townshend, 78 Hun, 384, 29 N. Y. Supp. 181. In 1898, when the action was brought, such an action could not be maintained unless the plaintiff had been in possession of the property for one year and the defendant unjustly claimed an interest therein. Code Civ. Proc. § 1638; Id. § 1639, subd. 3; Clason v. Stewart, 23 Misc. Rep. 177, 51 N. Y. Supp. 1100; Austin v. Goodrich, 49 N. Y. 266. There is no allegation in the complaint in that action that the plaintiff therein was ever in possession of the property, and it affirmatively appears therein that neither the defendants therein described nor any other persons have ever asserted an adverse claim thereto. Section 1638 of the Code of Civil Procedure, as amended in 1904, now permits the institution of such an action where "it appears from public records that the defendant might make a claim"; but under the statute in force in 1898 it was necessary to aver and prove that the defendant made such a claim. The essential allegations of possession and assertion of an adverse claim being absent, the court was without jurisdiction to entertain the action. The judgment was without effect, and under the circumstances the title must be held to be unmarketable.

Judgment for the return of the deposit and $150 expended in the examination of title.

Judgment accordingly.