FREDERICK J. HELTERLINE, Appellant, v. THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

Argued January 16, 1946; decided March 7, 1946.

*Alfred D. Dennison* for appellant. I. The total invalidity and nullity of the tax deed was indisputably established. (*People* v. *Hagadorn,* 104 N. Y. 516; *Saranac L. & T. Co.* v. *Roberts,*

195 N. Y. 303; *Crommelin* v. *Finn*, 129 Misc. 252, 223 App. Div. 868.) II. The premises were not vacant and were in the actual occupancy of plaintiff's predecessor in title. (*People* v. *Durey*, 126 Misc. 642.) III. The invalidity is not cured by any of the so-called curative acts. (*People ex rel. Barnard* v. *Wemple*, 117 N. Y. 77; *Joslyn* v. *Rockwell*, 128 N. Y. 334; *Cromwell* v. *MacLean*, 123 N. Y. 474; *Wallace* v. *McEchron*, 176 N. Y. 424; *People* v. *Ladew*, 189 N. Y. 355; *People* v. *Witherbee*, 199 App. Div. 272; *People* v. *Faxon*, 111 Misc. 699.) IV. The action is not barred by any statute of limitations. (*Whitman* v. *City of New York*, 85 App. Div. 468; *Joslyn* v. *Rockwell*, 128 N Y. 334; *People* v. *Turner*, 145 N. Y. 451; *Meigs* v. *Roberts*, 162 N. Y. 371; *People* v. *Ladew*, 189 N. Y. 355; *People* v. *Turner*, 145 N. Y. 451; *Saranac L. & T. Co.* v. *Roberts*, 195 N. Y. 303; *Ostrander* v. *Bell*, 199 App. Div. 304, 234 N. Y. 566.) V. Plaintiff had title and both actual and constructive possession entitling him to maintain the action. (*Nehasane Park Assn.* v. *Lloyd*, 25 Misc. 207, 45 App. Div. 631, 167 N. Y. 431; *Whitman* v. *City of New York*, 85 App. Div. 468; *House* v. *McCormick*, 57 N. Y. 310.) VI. The court had no power to impose the payment of any money as a condition for granting the relief to which the plaintiff is entitled by law. (*Village of Massapequa Park* v. *M. P. V. Sites*, 278 N. Y. 28; *Crommelin* v. *Finn*, 129 Misc. 252, 223 App. Div. 868; *People* v. *Hagadorn*, 104 N. Y. 516; *Saranac L. & T. Co.* v. *Roberts*, 195 N. Y. 303; *Colonial Trust Co.* v. *Central Trust Co.*, 243 Penn. 268; *Magniac* v. *Thomson*, 15 How. 281; *Hedges* v. *Dixon County*, 150 U. S. 182; *Price* v. *Price*, 128 A. L. R. 1088; *Bryson* v. *Lee*, 160 So. 797; *Seif* v. *City of Long Beach*, 286 N. Y. 382.)

*Nathaniel L. Goldstein*, Attorney-General (*David Belkin, Orrin G. Judd* and *Warren H. Gilman* of counsel), for respondent. I. The 1875 tax deed to the People conveying lot 91, in Jerseyfield Patent, is valid and binding on the plaintiff. (*Dunkum* v. *Maceck Building Corp.*, 256 N. Y. 275; *Mabie* v. *Fuller*, 255 N. Y. 194; *Baker* v. *Oakwood*, 123 N. Y. 16; *Lightfoot* v. *Davis*, 198 N. Y. 261; *Bicknell* v. *Comstock*, 113 U. S. 149; *People* v. *Ladew*, 237 N. Y. 413; *Saranac L. & T. Co.* v. *Roberts*, 195 N. Y. 303; *People* v. *Pulver*, 226 App. Div. 416; *People* v. *Turner*, 145 N. Y. 451; *Meigs* v. *Roberts*, 162 N. Y.

371; *Bryan* v. *McGurk,* 200 N. Y. 332; *Doud* v. *Huntington Hebrew Congregation,* 178 App. Div. 748; *Turner* v. *New York,* 168 U. S. 90; *Robbins* v. *Abrew,* 275 N. Y. 233; *Halleran* v. *Manzione,* 166 Misc. 679, 281 N. Y. 845.) II. Plaintiff has not been in possession of the property for one year prior to the commencement of the action, and therefore could not bring this proceeding under section 500 of article 15 of the Real Property Law as it existed in 1929. (*Young* v. *Stone,* 61 App. Div. 364, 174 N. Y. 517; *Vanderveer Crossings* v. *Rapalje,* 133 App. Div. 203.) III. The Trial Justice had power to impose conditions upon his decision. (*Comstock* v. *Johnson,* 46 N. Y. 615; *Thomas* v. *Evans,* 105 N. Y. 601; *Sharon* v. *Tucker,* 144 U. S. 533; *Haffey* v. *Lynch,* 143 N. Y. 241; *Van Allen* v. *N. Y. E. R. R. Co.,* 144 N. Y. 174; *Westphal* v. *City of New York,* 177 N. Y. 140; *Kinney Oil Co.* v. *Kieffer,* 277 U. S. 488; *Camp* v. *Boyd,* 229 U. S. 530; *Walden* v. *Bodley,* 14 Pet. [U. S.] 156; *Burnes* v. *Burnes,* 137 F. 781; *Lynch* v. *Burt,* 132 F. 417; *Miner* v. *Beekman,* 50 N. Y. 337; *Reed* v. *Tyler,* 56 Ill. 288.)

THACHER, J. Plaintiff brought suit under article 15 of the Real Property Law to determine the ownership of the southern half of lot number 91, Jerseyfield Patent, in the town of Stratford, county of Fulton, claiming to have acquired title thereto from one Lena M. Levitt by deed received for record January 15, 1929. Having proved this conveyance, plaintiff traced his title through mesne conveyances back to 1852. This chain of title is complete notwithstanding an assignment for the benefit of creditors by one of plaintiff's predecessors in title on April 5, 1880. True, the record fails to show any reassignment but there was a reversion of title by operation of law on April 5, 1905 (L. 1875, ch. 545; *Matter of Vietor (Ruth),* 295 N. Y. 665). The State denied that plaintiff was in possession of the property for one year prior to the commencement of the action — a statutory prerequisite to the maintenance of suit under article 15, section 500, of the Real Property Law — but proof of an unbroken chain of title for more than twenty years established prima facie ownership of the land in plaintiff and constructive possession thereof under Civil Practice Act, section 335. The statutory requirement is satisfied by constructive possession, that is, " possession in law, which follows in the wake

of title " (*Churchill* v. *Onderdonk,* 59 N. Y. 134, 136; *Vanderveer Crossings* v. *Rapalje,* 133 App. Div. 203, 206; *Clason* v. *Stewart,* 23 Misc. 177, 180).

To defeat plaintiff's claim of title the State relied upon a tax deed from the State Comptroller to the People of the State recorded May 30, 1877, pursuant to a tax sale of 1871. At this tax sale the whole of lot 91 consisting of a thousand acres was sold for unpaid taxes levied upon its nonresident assessment for the years 1861, 1862 and 1863 and also for unpaid taxes levied upon a nonresident assessment of the north half of the lot in the years 1864 and 1865. In the latter two years the south half of lot 91 (the lands here in question) was assessed as resident lands and the taxes levied thereon were in fact paid. This sale was wholly void and the tax deed did not confer title on the State (*People* v. *Hagadorn,* 104 N. Y. 516, 524). To cure this defect the State relied upon the Tax Law of 1896, chapter 908, section 132, contending that under the provisions of that section the comptroller's deed, having been recorded for more than two years, was conclusive evidence that the sale and proceedings prior thereto were valid and regular. Section 132 made such a deed subject to cancellation on direct application to the comptroller or in an action brought before a competent court, provided such appplication be made or such action be brought, " in the case of all sales held prior to the year eighteen hundred and ninety-five, within one year from the passage of this act " (May 27, 1896).

At a Trial and Special Term the tax deed was held to be wholly void and plaintiff's title was sustained, but the court considered it equitable that the plaintiff should pay to the defendant the unpaid taxes upon the south half of the lot for the years 1861, 1862 and 1863, with interest, and should also reimburse the State equitably for the taxes it had paid thereon from and including the year 1886 to date, provided a fair and just apportionment of the latter amount could be arrived at by proof of the relative assessed valuation of the north and south halves of said lot during said period. An interlocutory decree provided for an apportionment and the final decree required payment in accordance with the referee's apportionment.

The Appellate Division reversed this decision, holding that section 132 of chapter 908 of the Laws of 1896 was not only

a curative act but a statute of limitations which barred the plaintiff's assertion that the sale was wholly void and that the tax deed did not confer title on the State.

In *People* v. *Hagadorn* (*supra*) it was held that a sale of land for taxes of several years, the assessment for one of which is void, is an excess of jurisdiction and renders the sale entirely void. In that case this court said (p. 524): " There can be no division of the sum payable, and no separation which can validate a part and reject the rest. It is either wholly bad or altogether good." *Nehasane Park Assn.* v. *Lloyd* (167 N. Y. 431, 437) and *Saranac L. & T. Co.* v. *Roberts* (195 N. Y. 303, 311) are to the same effect. If this were not the rule the owner's privilege of redemption would be conditioned upon payment of an illegal tax. The purpose of the prescribed statutory process for assessment, sale and redemption is to compel payment of taxes overdue and, in default of such payment, to transfer the title of real estate from the owner thereof to another without the owner's consent. This being the nature of the process, the owner's title may not be divested unless statutory requirements are strictly observed. Nor may the Legislature by its fiat make legal a deed which was theretofore absolutely void because of jurisdictional defects. A curative act enacted for such a purpose is unconstitutional and void. It is an attempt to deprive the owners of the land of their property without due process of law. (*Dunkum* v. *Maceck Building Corp.,* 256 N. Y. 275; *Marx* v. *Hanthorn,* 148 U. S. 172; *Wallace* v. *McEchron,* 176 N. Y. 424; *Cromwell* v. *MacLean,* 123 N. Y. 474.)

Although the Legislature may legally enact a statute of limitations to prevent the assertion of a right to question the validity of a tax title of vacant and unoccupied lands because of jurisdictional defects in the sale and in the proceedings leading thereto, this it may not do unless a reasonable time is given for the assertion of the right before the statute becomes operative (*Dunkum* v. *Maceck Building Corp., supra; Meigs* v. *Roberts,* 162 N. Y. 371, 378; *Doud* v. *Huntington Hebrew Congregation,* 178 App. Div. 748; *Halsted* v. *Silberstein,* 196 N. Y. 1).

In applying these rules to this case the Appellate Division failed to note that there was no right to bring an action against the State to determine title to the property in question within one year after the enactment of the statute on May 27, 1896.

Section 132 of the Act of 1896, chapter 908, had its origin in chapter 448 of the Laws of 1885, which amended chapter 427 of the Laws of 1855 and gave conclusive effect to the comptroller's conveyance. On the same day that this law was passed, the Legislature enacted a further amendment to chapter 427 of the Laws of 1855 by adding the following provision (L. 1885, ch. 453, § 4) : " From and after the advertisement, once a week for three successive weeks, of a list of wild, vacant or forest lands, to which the state holds title from a tax sale or otherwise, in one or more newspapers to be selected by the comptroller, published in the county in which such lands may be located, all of such wild, vacant or forest lands shall be deemed, and are hereby declared to be, in the actual possession of the comptroller of this state; and such possession shall be deemed to continue until he has been dispossessed by the judgment of a competent tribunal.'' It was by this provision and this provision only that the State gave its assent to an action against the comptroller in a competent tribunal. Prior to this amendment, the title to the land was held by the State under the tax sale deeds and there was no statute which authorized a suit to be maintained against it, or to oust it from possession, and the amendment was designed to permit an action against the State to try title to wild, vacant or forest lands held by the State under tax sales. This was accomplished by vesting in the comptroller actual possession of the lands which would permit the maintenance of an action to try title and by the assent of the State to such an action being brought against the officer in whose possession the lands were declared to be. (*Saranac L. & T. Co.* v. *Roberts,* 195 N. Y. 303, 314, 315.) These provisions were carried into section 133 of the Act of 1896, and we are faced with the question whether within one year from May 27, 1896, there was any right to bring action against the State or its officer to determine title to the land here in question. That question depends upon whether or not section 133 of the Act of 1896, which is in substance the same as section 4 of chapter 453 of the Laws of 1885 quoted above, applied to a claim of title predicated upon a so-called tax sale which was not only wholly void but was for taxes which had in fact been paid.

Section 133 applies only to " wild, vacant or forest lands, to which the state holds title from a tax sale or otherwise ". Here the defect in the sale was such that the State never held title to the lands. The owner's title was never divested. Conse-quently section 133 could have no application and gave no right to bring action to recover possession or determine the title. Accordingly, publication of the comptroller's advertisement did not start the running of any statute of limitations. An action against the State under article 15 of the Real Property Law was first authorized April 9, 1925 (L. 1925, ch. 565). This action was commenced July 30, 1929, and it is not contended that it was barred by any statute of limitations other than section 132 of the Act of 1896. The application to this case of the short period of limitation prescribed by section 132 with-out any opportunity to bring a suit against the State or the comptroller would deprive the owner of the land of his property without due process of law by failing to provide any time for the assertion of his title before the statute barred the pro-ceeding. To apply a curative act to such a situation would deprive the owner of his property by legislative fiat without due process of law.

Plaintiff appealed from that part of the decree which imposed upon plaintiff an obligation to pay a portion of the back taxes to defendant. We think it clear that this imposi-tion was erroneous. The statutory action was brought under article 15 of the Real Property Law to determine title to land. No counterclaim for the recovery of taxes was inter-posed and the question was not litigated. We do not think that in such an action the court may condition determination of the question of title upon the payment of back taxes.

The judgment of the Appellate Division should be reversed and that of the Trial and Special Term should be modified by striking out the second numbered decretal paragraph thereof and, as so modified, affirmed, with costs to the appellant in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and MEDALIE, JJ., concur.

Judgment accordingly.