112 EAST 36TH STREET HOLDING CORP., Plaintiff, *v.* JEANNE M. DAFFOS, Defendant.

Supreme Court, Special Term, New York County, November 24, 1947.

*Hyman Grill* for plaintiff.

*Maurice R. Whitebook* for defendant.

LUMBARD, J. In this action for a declaratory judgment plaintiff moves to strike out the defense contained in the defendant's answer on the ground of insufficiency in law and for judgment on the pleadings.

By lease dated July 30, 1943, the then owner of premises known as 119 East 64th Street, New York City, leased said premises to the defendant for a term of five years commencing

on the 1st day of August, 1943, to be used and occupied for the purpose of renting furnished apartments and furnished rooms. By mesne conveyances, the plaintiff herein became the owner of the demised premises on March 26, 1945.

The above-mentioned lease granted to the landlord, his heirs, successors or assigns, the right, in the event of the sale of the demised premises, to cancel the lease, effective at any time during the fourth or fifth years of the lease term upon giving to the tenant at least ninety days' written notice. The lease further provided that upon such notice being given, the lease and the term thereof should thereupon terminate, expire and come to an end and the tenant agreed to thereupon quit and surrender the premises. It was further provided that in the event of such cancellation and surrender of the premises, in good order and condition, the tenant should be entitled to receive and the landlord agreed to pay to the tenant a bonus of $750, if such cancellation should take place during the fourth year of the lease term and a bonus of $500, if such cancellation should take place during the fifth year of the term.

By notice dated February 18, 1947, the plaintiff notified the defendant that it elected to exercise its right to cancel the lease, such cancellation to be effective on June 30, 1947, and that upon the surrender of the premises by the tenant in good order and condition, the plaintiff would pay to the defendant the sum of $750.

The defendant actually occupies an apartment in the demised premises consisting of three rooms and bath and has sublet the remainder of the premises to others. The plaintiff seeks an adjudication and declaration that the above-mentioned lease be held to have been cancelled and at an end on July 31, 1947; that it is entitled to constructive possession of the demised premises and that it pay the defendant the sum of $750.

The defendant's answer denies none of the allegations of the complaint but sets forth what is designated a separate and distinct defense, wherein it is alleged that by reason of the restrictions on removal of a tenant provided for in the Federal Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*) and in the predecessor Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*), as implemented respectively by the rent regulations promulgated by the Office of Price Administration and the Office of the Housing Expediter, the defendant cannot be required to surrender possession of the premises except upon proof by the plaintiff that grounds permitting eviction or removal exist; that in the event it should be determined that the plaintiff lawfully and properly

cancelled the lease pursuant to the provisions thereof, defendant is nevertheless entitled to remain in possession of the entire premises as a statutory tenant and plaintiff is not entitled to the constructive possession of any portion of the demised premises. For the reasons hereinafter set forth, this defense is insufficient in law.

The purpose and intendment of both the Federal Housing and Rent Act of 1947 (eff. July 1, 1947) and its predecessor, the Emergency Price Control Act of 1942, as implemented by the rent regulations promulgated pursuant thereto respectively, was, and is, to prevent the *removal or eviction* of persons from housing accommodations which they *actually* occupy so long as they continue to pay the rent to which the landlord is entitled by law, except under certain conditions not here involved. The plaintiff affirmatively states that it does not seek to remove or dispossess either the defendant or any of the persons to whom defendant has sublet portions of the premises in question. It merely seeks judgment declaring the lease entered into between a predecessor in title and defendant, cancelled and at an end as of July 31, 1947, and declaring it to be entitled to constructive, as distinguished from actual, possession of the premises. The granting of such relief will in no way contravene the purpose of the act.

Furthermore, subdivision (c) of section 1 of both the Controlled Housing Rent Regulation (12 Federal Register 4331 *et seq.*, eff. July 1, 1947) and the former Rent Regulation for Housing in the New York City Defense-Rental Area (8 Federal Register 13914), provide that " The provisions of any lease * * * shall remain in force pursuant to the terms thereof, except insofar as those provisions are inconsistent with this regulation ". In other words, the provisions of leases are to be given effect, unless inconsistent with the act and the regulations promulgated pursuant thereto. It is not inconsistent with the purpose and intendment of the act and regulations to give effect to the cancellation right granted to the landlord by the lease and to permit cancellation, where the result will not be the removal or eviction of the tenant or subtenants nor an increase in their rent in excess of that permitted by law.

In *WMCA, Inc.,* v. *Blockfront Realty Corp.* (272 App. Div. 800), the Appellate Division of this department held that one who leased an entire building and in turn sublet to others all the rental space therein was not entitled, on the expiration of its lease, to continue to make a profit represented by the difference between the rent it paid its landlord and that which it received from its subtenants, stating that the Emergency Rent

Laws were not enacted for the benefit of persons who are merely in constructive possession of rental space. Although that case involved the New York State Emergency Rent Laws, the reasoning of the court is applicable to the instant case.

As stated above, the plaintiff seeks constructive possession of the premises. To the extent that constructive possession is, as defined by the Court of Appeals in *Helterline* v. *People* (295 N. Y. 245, 249-250) " ' possession in law, which follows in the wake of title ' ", plaintiff is entitled to constructive possession.

I conclude therefore, that the lease between William H. Gompert and the defendant was cancelled and came to an end on July 31, 1947; that since that date, the defendant has not had and does not now have any right or interest in or to any part of the premises in question or any right to remain in possession of the whole or any part thereof, except that part actually occupied by her, as to which she is a statutory tenant; that defendant has no right to receive or retain any rent paid or payable by any of the subtenants since July 31, 1947; that, subject to the rights of the subtenants to continue in occupancy of the respective spaces occupied by them, the plaintiff, as owner, is entitled to possession of the premises; and that defendant is entitled to receive and the plaintiff obligated to pay to the defendant, the sum of $750.

Accordingly, plaintiff's motion to strike the defense set forth in the answer and for judgment on the pleadings is granted. Settle order on notice.