GERTRUDE K. DE BERMINGHAM, Plaintiff, *v.* FERDINAND H. DE BERMINGHAM et al., Defendants.

Supreme Court, Special Term, Nassau County, October 8, 1952.

*John G. Tarrant* and *William B. Pius* for plaintiff.

*Clarence E. Steinberg* for Ferdinand H. de Bermingham and another, defendants.

HALLINAN, J. Motion by plaintiff pursuant to rule 109 of the Rules of Civil Practice for an order dismissing the counterclaim alleged in paragraphs " NINETEENTH " and " TWENTIETH " of the defendants' answer on the ground that said counterclaim is not one which may be properly interposed in the action.

The action is brought pursuant to article 15 of the Real Property Law to determine claims to real property. The counterclaim under attack is for money loaned. Plaintiff claims that because section 504 of the Real Property Law provides that a defendant may allege facts as a counterclaim *for the same cause of action,* he may not allege any other type of counterclaim. This does not follow. Section 262 of the Civil Practice Act authorizes the interposition of any counterclaim which a defendant may have, subject only to the provisions of section 267 of the Civil Practice Act.

While there seems to be no case directly in point, there is language in *Helterline* v. *People* (295 N. Y. 245, 253) from which it may be inferred that counterclaims, other than those authorized by section 504 of the Real Property Law, may be asserted in actions brought under article 15 of the Real Property Law. There plaintiff brought an action to determine title to land. He appealed from part of the decree which imposed upon him an obligation to pay a portion of the·back taxes. The Court of Appeals held that this was erroneous, saying: " No counterclaim for the recovery of taxes was interposed and the question was not litigated." The implication is plain that if a counterclaim had been interposed the result might have been different.

The motion is denied. Submit order.