### (December 11, 1967)

■ PERCY GOFF, Appellant, v. LESTER M. SHULTIS et al., Respondents.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Ulster County determining after a nonjury trial that respondent Herbert L. George is the owner in fee simple of a certain 260-acre woodlot situated in the Town of Olive, Ulster County. The parcel in question constituted a portion of a 694-acre parcel originally owned by Jacob Miles and his wife Rebecca. Miles failed to pay the taxes assessed against that portion of the 694-acre tract located in the Town of Denning and in January, 1887 the State purchased the same at a tax sale. Based on this deed the State originally claimed title to the entire 694 acres, including the 260 acres located in the Town of Olive, but in 1958 upon realizing that it had no claim to the property located outside the Town of Denning amended its conservation map to indicate that the 260 acres were privately owned rather than State owned. Appellant perceiving this change discovered that shortly after the 1887 tax sale Miles and his wife purported to convey the entire 694 acres to one Hardenburgh and secured quit claim deeds from Hardenburgh's two sole surviving distributees. Respondent George, on the other hand, claims title to the property by virtue of a tax deed from the Ulster County Treasurer dated January 4, 1933. He also avers that since acquiring title he has paid taxes and used the property for hunting. In 1962 George hired a surveyor to ascertain the exact location of the property and thereafter contracted to sell the same to respondent Shultis for the establishment of a logging operation. The trial court, overriding appellant's objection that the 1933 tax deed from the Ulster County Treasurer did not convey to George the 260-acre plot in dispute and that even if it was intended to do so the description contained in the tax deed did not identify and locate the property with reasonable certainty as required by then section 55-a of the Tax Law (now Real Property Tax Law, § 504), found that George had obtained valid title by the tax deed and furthermore that in any event that George had

established an affirmative defense of adverse possession. We cannot agree. The tax deed here involved contains the following description: " The following tract, piece or parcel of land situated in the Town of Olive, County of Ulster, viz: 65 acres, more or less, described as Located at West Skokan. Bounded North by Watson, East by the Highway, South by the Town of Denning, West by the Town of Shandaken, against which the words 'Hardenburgh J. B.' appear on the assessment roll of the Town of Olive for the year 1930." To constitute a valid tax sale transfer " A reasonably accurate designation or description of the land assessed and sold is necessary" (*Zink* v. *McManus*, 121 N. Y. 259, 265; *Kiamesha Development Corp.* v. *Guild Prop.*, 4 N Y 2d 378; *Hunt* v. *Dekin*, 187 Misc. 649, affd. 273 App. Div. 800, affd. 298 N. Y. 575). Such description must be "sufficiently definite to enable the owner and all persons interested to know and ascertain, by inquiry at the appropriate office or examination of the assessment roll, what premises are assessed and to identify them, with reasonable certainty," (*Hennepin Improvement Co.* v. *Schuster*, 66 Misc. 634, 648). Obviously the description here involved is patently erroneous. Clearly more than 65 acres are involved and even if some weight were to be given to the subsequent change from 65 to 695 acres which George secured in 1962 without any deed or other proof to support the increase, still only 260 acres are here involved. Moreover, the boundary descriptions contained in the deed admittedly do not locate the instant property. Only by the most severe distortion can any reconciliation between the description in the deed and that of the property involved be effected. Accordingly, the tax deed is not sufficiently accurate to locate the property in question and therefore its purported conveyance of title is ineffective (*Tallman* v. *White*, 2 N. Y. 66; *Seafire Inc.* v. *Ackerson*, 193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668) Nor can the affirmative defense of adverse possession be sustained. While a tax deed can provide color of title sufficient to form the basis for a claim of adverse possession (*Peattie* v. *Gabel*, 155 App. Div. 786), to be so effective the description contained therein must sufficiently identify the boundaries of the property (see, 2 N. Y. Jur., Adverse Possession, § 30) and as noted such is not the case with the instant description. Thus there is no basis here to establish adverse possession founded upon a written instrument, and since George neither cultivated nor improved the property, beyond cutting a trail, nor protected it by a substantial enclosure (Real Property Actions and Proceedings Law, § 522), this last remaining alternative is also unavailable. Accordingly, the judgment appealed from must be reversed and judgment granted in favor of the appellant. In reaching this determination we have not considered respondents' arguments of estoppel or the expiration of the limitation period contained in section 1020 of the Real Property Tax Law, advanced here on appeal for the first time and neither raised in the pleadings or at the trial (9 Carmody-Wait, New York Practice, p. 20). Judgment reversed, on the law and the facts, and judgment granted in favor of the appellant, without costs. Settle order. Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in a memorandum by Reynolds, J., Herlihy, J. P., concurs in the result in the following memorandum. Herlihy, J. P., (concurring). In *Kiamesha Development Corp.* v. *Guild Prop.* (4 N Y 2d 378), the court stated at page 387: " We are in accord with the determination of Trial Term that when all the errors are taken together they show that the property was so erroneously described that it could not reasonably be identified as the property described in plaintiff's deed. To deprive plaintiff of its property by virtue of proceedings in which the property was so inadequately described would violate due process of law (*Helterline* v. *People*, 295 N. Y. 245, 251; Cooley on Taxation [2d ed.], p. 40)." And again at page

389: "We have often said that the nature of tax sales is such that the owner's title should not be divested unless the statutory requirements are 'strictly observed' (*Helterline* v. *People*, 295 N. Y. 245, 251 supra; *Werking* v. *Amity Estates*, 2 N Y 2d 43, 49, *supra*; *Whitney* v. *Thomas*, 23 N. Y. 281, 286). Under the facts of this case, defendant cannot enlist the court's aid in exacting from plaintiff the heavy penalty of surrendering this valuable property, and at the same time ask that the deficiencies in its claim to title be disregarded." The factual situation here is substantially different and the equities would appear to favor the respondent George. The vital mistake here, if any, was in acreage, but it is apparent from a reading of the record that the appellant herein had little difficulty in establishing that the property in the Town of Olive was in reality 260 acres and not the 65 mentioned in the description and there is an almost irrefutable inference that the appellant had knowledge of respondents' claim to title as set forth in the 1933 tax deed and as a result of his continuous payment of taxes thereafter. While I disagree with the majority as to the factual fulcrum of its decision, I concur in the result solely on the authority of *Kiamesha*.