William J. Ckangle, J.
In this proceeding for possession of real property petitioner claims title through a county treasurer’s deed delivered and recorded on August 1, 1967. The tax sale took place on December 20, 1963 and this proceeding was commenced on August 24, 1971. The owners at the time of tax sale conveyed the property to respondents January 12, 1971. Respondents claim that the property was not sufficiently described in the notice of tax sale and in the notice of redemption and that the county treasurer’s deed is, therefore, void and they are properly in possession.
Petitioner counters that even a jurisdictional defect on constitutional grounds cannot be raised after five years from the expiration of the period allowed for redemption and cites section 1020 of the Real Property Tax Law which says, in substance, that such a deed may be canceled if application is made to a court of competent jurisdiction within five years from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to be canceled. Petitioner, however, computes this period under section 1010 of the Real Property Tax Law providing for a one-year redemption period without regard to section 1022 of the Real Property Tax Law providing for a three-year redemption period in those cases where the land is occupied. In this case the land is improved by a dwelling* house and must be considered as occupied whether in fact anyone actually resides there continuously or not. (Glen Springs Corp. v. Hager, 272 App. Div. 652.) Considered on this basis the five-year period of limitation has not run and respondents’ defense must be considered on its merits.
It is clear that when property sold at tax sale is so erroneously described that it cannot reasonably be identified, to uphold the sale would be to deprive its owner of his property without due process of law. (Kiamesha Development Corp. v. Guild Properties, 4 N Y 2d 378; Helterline v. People, 295 N. Y. 245.) However such a situation does not exist unless ‘ ‘ a diligent taxpayer, anxious in good faith to identify his land, could be misled by the * * * description.” (McCoun v. Pierpont, 232 N. Y. 66, 69-70.)
Here the property description used throughout the tax sale proceedings was as follows: Town of 'Charleston — Vernon R. and Eleanor Q-asner. Residence, 4 acres. Boundaries: North, Lansin; South Ferguson; East Road; West Horton. It is not claimed tha,t the description is in any way erroneous; *302 respondents say only that it is vague and indefinite. But the description used identifies the land as a residence in the Town of Charleston and names the owner-occupants. It then hounds the property by the road and by naming the owners of the, adjacent lands on the other three sides. Surely in a rural, thinly populated area such as this, where the assessment rolls generally use the same format of property description the taxpayer could not be misled by this description.
The documentary evidence presented establishes that the tax deed is based upon proceedings which were in all respects regularly noticed and conducted. The relief requested in the petition is, therefore, granted, without costs.