■ ANTHONY A. MASTRONARDI et al., Respondents, v SIDNEY L. MITCHELL et al., Appellants. — In (1) a proceeding pursuant to CPLR article 78 (index No. 82-23827), *inter alia,* to review a determination of the Commissioner of the Suffolk County Department of Real Estate dated September 10, 1982, which denied petitioners' application to redeem certain real property in Smithtown, New York, and (2) an action (index No. 82-23828), *inter alia,* to declare that a tax deed issued by the defendant Treasurer of the County of Suffolk to the defendant County of Suffolk on March 11, 1982 was "jurisdictionally void and invalid", the appeal is from a judgment of the Supreme Court, Suffolk County (Corso, J.), dated August 17, 1983, which, upon consolidation of the proceeding and the action under the proceeding bearing index No. 82-23827, granted the petition and declared that petitioners were owners of the subject property.

Judgment affirmed, without costs or disbursements.

Petitioners were the owners of certain real property in Smithtown which was sold to the County of Suffolk pursuant to a tax sale. Pursuant to a Suffolk County Tax Act § 52, publication of a notice to redeem was made in two newspapers, i.e., the *Smithtown News* and the *News and Sentinel,* on June 24, 1981, and June 25, 1981, respectively, and once a week thereafter for a total of six weeks.

On or about August 10, 1981, the Suffolk County Treasurer sent a notice to redeem by mail to "Louis Cerrone et al" (petitioner Cerrone's name appeared on the assessment rolls as one of the owners of the subject realty), advising the owners of the property that the final date to redeem the property from the tax sale was November 20, 1981. This notice was returned as "not deliverable as addressed", as petitioner Cerrone no longer resided there.

On March 11, 1982, a tax deed was issued by the Suffolk County Treasurer vesting title in the County of Suffolk. Petitioners thereafter applied to the Suffolk County Department of Real Estate to redeem the property but the application to redeem was denied by the commissioner on September 10, 1982.

Petitioners commenced the instant proceeding and action and alleged, *inter alia,* that in mailing the notice to redeem on or about August 10, 1981, the treasurer had failed to strictly comply with the time requirement of Real Property Tax Law § 1014 (3). That statute, as amended in 1976 (L 1976, ch 355, eff June 15, 1976), provides as follows: "The county treasurer shall, not less than fourteen days prior to the commencement of the publication required by subdivision one of this section, send by first class mail to the name and address of the owner or occupant, as shown on the assessment roll, of each parcel sold and unredeemed a statement containing a brief description of such parcel, the amount necessary to redeem the parcel computed to the last day on which such redemption can be made and stating that unless such parcel is redeemed on or before such day it will be conveyed to the purchaser." Since the notice to redeem was not mailed at least 14 days prior to publication in the two newspapers, petitioners argued that (1) the noncompliance with the statute constituted a jurisdictional defect and (2) the tax deed issued to the county was "jurisdictionally defective and * * * null and void".

In their answers to the petition and the complaint, the appellants argued that their failure to comply with the time requirement of Real Property Tax Law § 1014 (3) regarding the mailing of a notice to redeem could be disregarded, since the notice was "returned as undeliverable".

Special Term rejected appellants' argument, holding:

"Pursuant to Real Property Tax Law section 1014 (3), a notice to the owner of the parcel sold must be sent fourteen days prior to the commencement of publication. Respondent [*sic*] herein did not send notice to the owner until August 10, 1981, about one month too late.

"Respondent [*sic*] contends that its failure to comply with the statute should be disregarded since the notice was subsequently returned as undeliverable. This argument is without merit since its adoption would, in effect, authorize respondent [*sic*] to send untimely notices to addresses that may be incorrect as of [*sic*] late mailings but might have been correct if the mailings were made on time."

Accordingly, it granted the petition, set aside and canceled the tax deed dated March 11, 1982 from the Suffolk County Treasurer to the county, and directed the county to reconvey the subject property to the petitioners.

On appeal, appellants reiterate the argument raised before Special Term. Specifically, they argue:

"[D]ue to the fact that the assessed owner of record on the town assessment role reflected an owner which no longer resided at the address given by him to the Town, that mail notice was subsequently returned to the Suffolk County Treasurer. The fact, however, that the mail notice was not ultimately received by the assessed owner is of no significance * * *

"The mere failure to send the notice 14 days prior to publication is wholly immaterial in light of the relevant facts recited herein. Accordingly, it is respectfully urged that this Court should determine the defect in respect to the time of mailing to be trivial and thus waivable".

This argument must be rejected.

It has been consistently held that statutory requirements relating to tax sales must be "strictly observed" (*see, Helterline v People,* 295 NY 245, 251; *Kiamesha Dev. Corp. v Guild Props.,* 4 NY2d 378; *Matter of Evans v Colvin,* 54 Misc 2d 927, 931; *Taccone v Di Renzi,* 92 Misc 2d 786). As the Court of Appeals has stated (*Helterline v People, supra,* p 251): "The purpose of the prescribed statutory process for assessment, sale and redemption is to compel payment of taxes overdue and, in default of such payment, to transfer the title of real estate from the owner thereof to another without the owner's consent. This being the nature of the process, the owner's title may not be divested unless statutory requirements are strictly observed."

In view of (1) this principle, (2) the undenied fact that the time requirement of Real Property Tax Law § 1014 (3) was not strictly complied with, and (3) the absence of any other relevant issues of fact, Special Term was correct in granting the petition on the papers before it (*Matter of Reisman v Codd,* 54 AD2d 878).

On appeal, appellants argue for the first time that pursuant to the language of Suffolk County Tax Act § 52 (added by L 1929, ch 152, as amended L 1958, ch 960, § 29, eff Oct. 1, 1959) and its

interrelationship with Real Property Tax Law former § 1014 (3) and Real Property Tax Law § 2006 (added by L 1958, ch 959, eff Oct. 1, 1959 and formerly numbered § 1606, renumbered § 2006 without substantive change by L 1973, ch 39, § 2), they were not required to mail a notice to redeem to the owners of the subject realty. Since this argument was not raised before Special Term, it has not been preserved for appellate review (*Arnold v New City Condominiums Corp.,* 88 AD2d 578). In any event, this argument is without merit.

Finally, we note that petitioners, in their appellate brief, raise two alternative grounds in support of their argument for affirmance of the judgment appealed from, i.e., (1) offensive collateral estoppel and (2) the Suffolk County Treasuer's failure to give notice of the tax sale to the mortgagee by personal service or mail as required by the holding of the United States Supreme Court, in *Mennonite Bd. v Adams* (462 US 791). Suffice it to say, these arguments were not raised in the petition, the complaint, or in any other papers submitted by petitioners to Special Term, and in any event, in view of our determination, need not be addressed. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.