COUNTY SECURITIES, INC., Respondent, v. JENNIE MAY PALMER, DAISY BELLE PALMER, Appellants, and Others, Defendants.— Action for the foreclosure of a tax lien upon the property of the appealing defendants in the town of Mamaroneck, which tax lien was transferred to the plaintiff as a consequence of a sale that related to the 1935 taxes and assessments. Order granting plaintiff's motion to strike out appealing defendants' answer and for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

FREDERICK G. DAVIDSON, Respondent, v. JOHN ODELL and Others, Defendants; EMMA JONES, MABEL YOUMANS, and ISAIAH JONES, as Administrator, etc., of MARGARET ANN JONES, Deceased, Appellants.— Action to recover for personal services rendered by the plaintiff to the defendants as a result of which awards eventuated in condemnation proceedings. Order denying motion of appealing defendants to dismiss the complaint affirmed, with ten dollars costs and disbursements. Answer may be served within ten days from the entry of the order hereon. The complaint states a good cause of action at law (*James* v. *Alderton Dock Yards, Ltd.*, 239 App. Div. 836; affd., 263 N. Y. 524), even though (which we do not decide) it may be insufficient to sustain a cause of action in equity. (*James* v. *Alderton Dock Yards, Ltd.*, 256 N. Y. 298.) The doctrine of anticipatory breach is applicable to a contract for personal services. (*Kelly* v. *Security Mutual Life Ins. Co.*, 186 N. Y. 16, 19.) Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

EMPIRE COAL SALES CORPORATION, Appellant, v. HARRY J. PLATT, Respondent. — Judgment of the City Court of Mount Vernon, entered upon the verdict of a jury in favor of the defendant, reversed on the law, with costs, and judgment directed for the plaintiff, with costs. The action was on a promissory note. By payments the amount due thereon was reduced to $400. The defendant resisted the payment of that amount upon the ground that three months prior to the giving of the note an arrangement had been made whereby an allowance was given to the defendant for $400 on account of an alleged breach of warranty growing out of the sale of coal to him, the sale price of which coal constituted the consideration for the note. There was no claim that the note was delivered subject to a condition precedent or that it was the product of fraud or mistake. The evidence that such an adjustment or arrangement had been made three months prior to the giving of the note was improperly received. (*Jamestown Business College Assn.* v. *Allen*, 172 N. Y. 291.) Here, if there were a partial failure of consideration, the failure did not occur after the giving of the note. Therefore, section 54 of the Negotiable Instruments Law is of no avail to the defendant. There is no claim that there was an absence or failure of consideration prior to the giving of the note, but unknown to the defendant until after the giving of the note. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.