In the Matter of DAVID J. RELIHAN, as Chairman of the Tioga County Democratic Committee, Appellant, against HERMAN S. BRINK, as Supervisor from the Town of Candor, Tioga County, et al., Respondents.

Third Department, May 11, 1955.

*William M. Donnelly* for appellant.

*Lewis B. Parmerton* for Herman S. Brink, as Supervisor, respondent.

*Lewis B. Parmerton* and *Howard W. Robison* for Theodore M. Edsall, as Chairman of the Tioga County Board of Supervisors, and another, respondents.

*Per Curiam.* The Democratic County Chairman of Tioga County maintains this article 78 proceeding against respondent Brink, the sole Democratic member of the Board of Supervisors of the county and certain other county officers to annul the designation which Brink has made of the *Candor Courier* as the Democratic newspaper to publish public notices in pursuance of section 214 of the County Law and to require the designation of the *Owego Gazette* or some other newspaper advocating the principles of the Democratic Party. The court at Special Term has dismissed the petition.

The statute which authorizes the members of a political party in a Board of Supervisors to designate such a newspaper to publish notices requires that " consideration shall be given " to the advocacy of the principles of the party, the support of its nominees and the extent of circulation (§ 214, subds. 1, 2). The petitioner argues that the *Candor Courier* is not thus qualified and that the *Owego Gazette* is qualified.

If a newspaper has given no support to the principles of a party and does not bring itself at all within the standards of the

statute, it may be held by the court as a matter of law not qualified for designation. Such a conclusion was reached in *People ex rel. Guernsey* v. *Somers* (153 App. Div. 623) where the circulation was held not to meet the statutory requirements.

But in a debatable field of qualification and in areas where reasonable men might differ, a court will not undertake to do more perfectly an act which a statute delegates to a public officer both the authority to do and the discretion how best to do it.

Here we have, on the optimum showing made by the Democratic chairman, merely a debatable question as to whether the *Candor Courier* or the *Owego Gazette* better represents the Democratic party. Something reasonable can be said on both sides of the question. For the *Gazette* it can be shown that the *Courier* is a smaller paper in circulation and probably in influence by the proportion thirty-three to nine than the *Gazette*; that the *Courier* shows an unimpressive record of general support for the Democratic party; and that the *Gazette* since the summer of 1954 had begun to evince rather vigorous local and general support of the Democratic party.

For the *Courier* it can be shown that it was previously and without objection designated as the Democratic paper in 1953–1954; that its owner and editor and his wife, who helps him in running the paper, are enrolled Democrats, whereas the editor of the *Gazette* is an enrolled Republican; and that the *Courier* supported and apparently helped to elect the only Democratic supervisor in the County Board of Supervisors and has given some support to other Democratic candidates.

Although the successful support of a single candidate of a party is not necessarily general adherence to the party, it is a factor that might be considered in determining whether there is advocacy of the party. What is such " advocacy " is usually a matter of degree in evaluation.

The duty of making the selection is not vested in the court, but in the elected officials named in the statute and in the absence of an abuse of the power, which in the end means an act so unreasonable no sensible man could reach the same result, a court will not interfere. What we see here is merely a debatable issue of judgment in the exercise of public power. (Cf. *People ex rel. Elmira Adv. Assn.* v. *Gorman,* 169 App. Div. 891.)

The order of the Special Term should be affirmed, without costs.

Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.

Order affirmed, without costs.