Robert M. Doscher, J.
The plaintiff county, acting by the Westchester County Park Commission, brings this action against the defendant village for a judgment declaring that certain assessments for the fiscal years commencing March 1, 1955, June 1, 1956 and June 1, 1957 are void and of no effect.
By resolution duly adopted in 1923, the acquisition of the real property known as Croton Point by the Westchester County Park Commission was authorized. This property consisting of 543 acres located in the Village of Croton-on-Hudson and in the Town of Cortlandt, is known as Section 1, Block 97, Lot 1 on the tax map used by both municipalities.
Approximately 90% of all of Croton Point is admittedly used for public park purposes and the defendant has made no attempt to levy any assessment against that part. It is the balance of Croton Point that is in dispute.
The disputed portion of Croton Point is used for summer bungalows. For many years past, the Westchester County Park Commission has granted 97 annual ground leases on which summer bungalows are erected. These leases provide, inter alia, *513 that the bungalows may be occupied only from May 1 to October 31 and that the bungalow is the lessee’s personal property with a right to remove it on termination of the lease.
Until the fiscal year beginning March 1, 1955, no attempt was made by the village to assess Croton Point (the town has never made any such attempt). Beginning with the assessment roll of that year, Croton Point, described as Section 1, Block 97, Lot 1, appears in two places, to wit, the exempt property section and the taxable section. It is only with the latter that we are concerned.
In the taxable section, Section 1, Block 97, Lot 1 (all of Croton Point) appears with an assessment against “ Bungalows Croton Point”. To be valid, an assessment must generally describe the property levied against with, at least, enough of a description so that it is identifiable. Here, unless we strain to the breaking point, the only identifiable property is “ Section 1, Block 97, Lot 1” — or all of Croton Point. While defendant argues that the description is intended to embrace only the area occupied by the bungalows, it does not even attempt to delineate that area. Where it begins, what it embraces and where it ends remains beclouded.
Even if the ‘ ‘ bungalow area ”, or a part thereof, or the improvements thereon, were held to be taxable, the intermingling into the one assessment of area admittedly tax free would make the whole assessment void. The court cannot segregate the good from the defective (Matter of Wadhams, 249 App. Div. 271). The entire assessment, here in dispute, is illegal and void for each year involved in this case. It must be annulled and the incidental relief prayed for in connection therewith granted.
Plaintiff also seeks the declaratory judgment that the entire park is a public use and that any future assessments would be void. To deal with such prayer for relief is now unnecessary and any decision for future years would be in the nature of an advisory opinion. This, the court, will not grant.
Submit judgment on notice.