■ ETTA EYSAMAN, Respondent, v. TOWN OF LITTLE FALLS, Appellant.— Judgment and order unanimously affirmed, with costs. (Appeal from judgment of Herkimer Trial Term for plaintiff in a negligence action. The order denies a motion to set aside the verdict and for dismissal of the complaint.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ FRANK E. HOLLINS, Appellant, v. CITY OF LACKAWANNA et al., Respondents.— Order unanimously modified to strike therefrom the first ordering paragraph and, as so modified, affirmed, with $25 costs and disbursements to each respondent. Memorandum: In this article 78 proceeding to set aside the action of the city in designating the respondent The Front Page, Inc., as the official newspaper the petition was properly dismissed. In such a proceeding, however, Special Term was not required to pass directly upon the legality and propriety of such designation. We conclude that subdivision 9 of section 62 of the City Charter is here controlling. The pertinent provision grants to the Council the power to designate an official newspaper to publish "the proceedings of the common council as furnished by the clerk." If there could be found to be any conflict between this provision and the requirements of section 33 relating to competitive bidding, the provision in section 62 is controlling. It is a recognized rule of statutory construction that all parts of an act are to be read and construed together to determine the legislative intent and this rule is applicable to a city charter (*Doonan* v. *Killilea,* 222 N. Y. 399). The Legislature has delegated to the council both the authority to designate an official newspaper and the discretion how best to do it. (Cf. *Relihan* v. *Brink,* 285 App. Div. 729.) This delegation should not be destroyed in substance by requiring that the proceedings must be published in a newspaper, the owner of which was the lowest bidder for the work. If the official designee could not publish the material except as it might be, by coincidence, the lowest bidder, the designation would be an empty formality. (Appeal from order of Erie Special Term denying petitioner's application to have alleged contracts between defendants to be declared illegal and void and declaring the action by the Mayor and Common Council of the City of Lackawanna as to designating "The Front Page, Inc." as an official newspaper to be legal and proper.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.