Russell G. Hunt, J.
The plaintiff has commenced a taxpayer’s action, pursuant to section 51 of the General Municipal Law to prevent the Clerk of the Albany County Board of Supervisors from forwarding to the Secretary of State the designation of the Albany Times Union as the official newspaper of the Republican party in the County of Albany. The designation was made pursuant to subdivision 1 of section 214 of the County Law by the Republican members of the board on January I, 1962. Pending the determination of the action, a temporary injunction is now sought to continue the stay heretofore issued herein.
At a meeting of the Albany County Board of Supervisors ■held on March 20,1952 (see Journal of the Board of Supervisors of Albany County, 1952, p. 78) the board designated, pursuant to subdivision 2 of section 214 of the County Law, the Albany Knickerbocker News and the Times Union for the publication of local laws, notices and other matters required by law to be published. The Republican members of the board voted against the designation of the two papers. Such designations continued, without any annual change, to January 1, 1962, when the board withdrew the designation of both newspapers and the Republican members thereupon designated the Times Union as their official party newspaper. The designation fails to state that the Republican members of the board gave any consideration to the statutory requirements upon which a valid designation depends.
It is alleged in this proceeding that the Times Union is not and cannot be the official paper of the Republican party because it has not and does not advocate ‘ ‘ the principles of such political party (and) the support of its nominees”. This cannot be *1089 denied, successfully. The record made by the newspaper speaks for itself.
Until a few years ago, the Times Union (for the several years now past, owned and controlled by the' Hearst Corporation, a national syndicate of newspapers and various other business enterprises) continued to be a newspaper which advocated the principles of the Democratic party in Albany County and supported its candidates. In the local election of November, 1961 the Times Union called itself an independent newspaper and it neither advocated the principles, nor supported the candidates of either major party. As an independent newspaper it “ supports such candidates and political principles * * # as its proprietors and publishers may from time to time deem best ’ ’ (People ex rel. Troy Press Co. v. Common Council, 114 App. Div. 354, 355, mod. 186 N. Y. 548). When the Hearst Corporation acquired control also of the Albany Knickerbocker News in 1960 that newspaper ceased to be a Republican newspaper and it likewise became an independent newspaper, so-called. It did not support the principles and nominees of the Republican party in Albany County (see the annuals of N. W. Ayer & Son’s Directory of Newspapers and Periodicals, relative to the political status of the two newspapers). It is well known and established by the public record in this vicinage that the ownership of the two newspapers in the political campaign and election of November, 1961 called for the removal of the leadership of the Republican party in Albany County and that its communication media did not support the principles and nominees of that party.
The elimination of the political affiliations of the two newspapers was the logical result, undoubtedly, of the concentration of control under the one ownership in the Hearst organization; it would be exceedingly strange, if not absurd, for the same ownership to dictate the political philosophies of newspapers of opposite political faiths — any attempt to dó so would produce bizarre results.
The statute (County Law, § 214, subd. 1) is specific in its requirements that the official newspaper of the political party which designates it should be one which advocates the principles of that party and supports its nominees. It was so determined in People ex rel. Union & Advertiser Co. v. Stallknecht (189 N. Y. 521). In the case of People ex rel. Troy Press Co. v. Common Council (supra, pp. 356-357) it was said that “ a newspaper which supports no party and advocates the principles or candidates of no party, but is the personal organ of its publishers and proprietors, at times supporting the candidates and *1090 principles of either of the other parties as its officials may determine, * * * voices the principles of no political party and is not qualified to act as an official newspaper ” (see, too, People ex rel. The Troy Record Co. v. Common Council, 114 App. Div. 908). So, also, the Times Union — it is not qualified, under the statute, to act as the official party newspaper of the Republican party.
The State Legislature, in its political wisdom, never intended that a newspaper, as “ the personal organ of its publishers and proprietors ” (People ex rel. Troy Press Co. v. Common Council, supra, p. 356) should be a “ fence sitter ”, or, in the comfortable position, chameleon-like, of changing color in its own interests and at the same time demand or expect the patronage accruing to a political newspaper. Such patronage, the statute provides, shall go to the newspaper which is designated by the party and which, in turn, supports the party and its nominees.
‘ ‘ If the statute in its present form does not permit a proper distribution of the patronage involved in these publications (of concurrent resolutions of the State Legislature, election notices, official canvasses and other matters required by law to be published) the correction must rest with the Legislature rather than with the courts ” (People ex rel. Republican & Journal Co. v. McCarthy, 134 App. Div. 761, 764-765). It appearing that sufficient grounds exist, the motion for a temporary injunction is granted.