Henry Tasker, J.
This article 78 proceeding was commenced by petitioners to vacate and set aside the designation of the Mid-Island News as one of the newspapers designated to publish concurrent resolutions, election notices and official canvass, pursuant to subdivision 1 of section 214 of the County Law, and as one of the newspapers designated to publish local laws and notices pursuant to subdivision 2 of section 214.
Petitioner News-Review was the Democratic newspaper named under both subdivisions of the cited statute for the year 1966; petitioner Forbes is characterized in the petition herein as a qualified taxpayer (General Municipal Law, § 61). Petitioner News-Review and respondent Mid-Island News are Democratic newspapers; respondents Vojvoda et al. the duly elected Board *371 of Supervisors of Suffolk County, are all Republicans; respondent Dennison, the duly elected County Executive of Suffolk County, is a Democrat. Respondents Blydenburgh and Lomenzo are nominal parties only in this proceeding, having clerical and filing duties with respect to the various designations.
There is no dispute as to the facts. On January 9, 1967, respondents Vojvoda et al. designated the Mid-Island News as one of the official newspapers for the publication of local laws, notices and other matters required by law to be published (County Law, § 214, subd. 2). This designation, as well as the other related designations under subdivision 2 and subdivision 1, was filed by respondent Blydenburgh with respondent Lomenzo.
There being no Democratic members of the Board of Supervisors, no designation of a Democratic newspaper pursuant to subdivision 1 was made by respondents Vojvoda et al.
The News-Review had been designated pursuant to subdivision 1 of section 214 for the year 1966 by. former Supervisor Flynn, the Democratic member of the Board of Supervisors, and by the whole board pursuant to subdivision 2 of section 214 for the year 1966. In December of 1966, the County Democratic Executive Committee terminated their designation of the News-Review as the party newspaper, and designated the Mid-Island News. This action was communicated to respondents Vojvoda et al. and to respondent Dennison.
On January 9,1967, respondent Dennison made and filed with respondent Blydenburgh, a certificate purporting to designate the Mid-Island News as the Democratic newspaper to publish concurrent resolutions, etc., pursuant to subdivision 1 of section 214 of the County Law. The certificate recites that it was made by respondent Dennison as County Executive on the ground that there was no Democratic member of the Board of Supervisors. Notice of this designation was duly filed by respondent Blydenburgh with respondent Lomenzo.
The only issue presented by the petition and answers goes to the propriety and legality of the designations of the Democratic newspapers for the year 1967; the designation of the Republican newspapers is not questioned.
Upon the argument of this proceeding, the parties stipulated that both the News-Review and the Mid-Island News would publish the notices required by subdivision 2 of section 214 of the County Law pendente lite, payment to be waived by the paper found not to be duly designated under subdivision 2.
Petitioners contend, with respect to subdivision 1 of section 214, that respondent Dennison was wholly without power to *372 make the designation here under attack; that the statute provides that, in the event that no designation is made or, as in the case at bar, where there is no representative of one of the political parties among the members of the Board of Supervisors, the last newspaper designated is deemed duly designated; and, accordingly, that petitioner News-Review is deemed the duly designated Democratic paper. With respect to subdivision 2, although the point is not clearly raised in the petition, petitioners contend that the designation of the Mid-Island News is invalid since the paper does not properly represent or advocate the principles of the Democratic party and that it does not have general circulation throughout the county. It is apparently conceded that petitioner News-Review’s circulation is about 10,500 and respondent Mid-Island News’ is about 2,500.
Respondents Blydenburgh et ad. aver that, as to petitioner Forbes, the petition is insufficient for failure to state a claim for relief on her behalf. That contention is correct (cf. Burns v. Joyce, 33 Misc 2d 1088.) They also contend that, as a matter of law, the petition is insufficient with respect to respondent Board of Supervisor’s designation under subdivision 2 of section 214.
The issue of the designation under subdivision 2 of section 214 will be treated first. It is at once apparent that the difference between a circulation of 2,500 and a circulation of 10,500 in a county having a population of 900,000 is not such a differential as would warrant a finding that the legislative officers charged with selecting the organ of publication have abused their power. The same rule must be applied to the allegation of lack of support of the principles of the Democratic party, more particularly in view of the affidavit of Dominick Baranello, chairman of the Suffolk County Democratic Committee, annexed to the County Attorney’s answer.
Upon the pleadings alone, petitioners have shown only that there might be a debatable issue of judgment with respect to the designations by the Board of Supervisors under subdivision 2 of section 214. No reviewable question is presented (Matter of Relihan v. Brink, 285 App. Div. 729.)
Turning to petitioners’ contention under subdivision 1 of section 214, the authority to designate is vested in the majority of those members of the Board of Supervisors representing each of the two principal political parties in the State. The Board of Supervisors and its membership are defined in section 150 of the County Law, and sections 20 and 29 of the Town Law (cf. General City Law, § 2; Second Class Cities Law, §'§ 11, 210), as well as in section 201 of the Suffolk County Charter (L. 1958, ch.
*373 278, as amd.). The County Executive (Suffolk County Charter, §§ 301, 302) is neither a Supervisor nor a member of the Board of Supervisors (Matter of Cromarty v. Leonard, 13 A D 2d 275, 276-277, affd. without opn. 10 N Y 2d 915.) Neither section 203, nor subdivision (5) of section 302, nor section 303 of the ■Suffolk County Charter works any change in the definition of the separate offices, nor the difference in the nature of their respective functions. (Cf. Municipal Home Rule Law, § 32, subd. 1; § 33, subds. 2, 3 and 4; Statute of Local Governments § 3; Alternative County Government Law, § 100, § 150; former Optional County Government Law, § 302.) Respondent Dennison’s purported exercise of authority pursuant to subdivision 1 of section 214 of the County Law, was without authority and his purported designation of January 9, 1967 is void.
The specific language of the statute covering the happenstance of a failure to designate, or lack of representation among the board membership, necessarily governs the case at bar. Petitioner News-Review, the last newspaper designated by the members of the Democratic party, must be deemed duly designated.
Respondent Mid-Island News’ arguments directed toward the equitable aspects of the case and the injustice to a party having no representation on the Board of Supervisors are persuasive, but they cannot override the express command of the statute (cf. People ex rel. Bonheur v. Christ, 208 N. Y. 6). The remedy, if any, lies with the Legislature.
The petition is dismissed as to petitioner Forbes, and as against respondents Board of Supervisors. Petitioners’ application is granted as to the County Executive’s designation of January 9, 1967, its filing with the Clerk, and the filing of the statutory notice with the Secretary of State. The purported designation of the Mid-Island News, pursuant to subdivision 1 of section 214 of the County Law, is vacated, as is the notice thereof filed with the Secretary of State. Respondent Blydenburgh is directed to file an appropriate notice with respondent Lomenzo designating the News-Review as the paper deemed duly designated.