John B. Tenney, J.
In this action to set aside an Onondaga County tax deed, defendant has moved for summary judgment. Plaintiff has cross-moved for the same relief. Peter Pasqua, now deceased, took title to the subject property in 1954. Upon his death in 1961, the plaintiff was appointed administratrix of his property. The taxes were unpaid, there was a tax sale, the county was the only bidder and purchased the property as of October 1, 1965.
The County Treasurer advertised that the period of redemption would expire on October 1, 1967. Plaintiff did not redeem the property at that time. There was no further advertising, and no other proceedings. On September 25, 1968, the county assigned the tax certificate to the defendant Morris Kaufman and Bernard Fisher (defendant Thelma Fisher succeeded in title upon his death). On March 5, 1969, the Treasurer (now Commissioner of Finance) delivered a tax deed to the same persons.
Plaintiff raises two objections. (1) The sale by the county three years after the tax sale was in violation of the Onondaga County Tax Act. (2) The sale was invalid because the description in the notice of sale and notice of redemption was insufficient.
The Onondaga County Tax Act is similar to the applicable provisions of the Beal Property Tax Law regarding tax sales. There is no clear intention that the Onondaga County Tax Act was to be repealed or superseded. (City of New York v. Maltbie, 274 N. Y. 90, 97 ; Cimo v. State of New York, 306 N. Y. 143 ; Moritz v. United Brethrens Church, 269 N. Y. 125. See, also, Real Property Tax Law, § 1606.) It should be followed unless it is clearly inconsistent. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 398 ; Matter of Waldes v. State Tax Comm., 17 A D 2d 47.)
The appropriate provisions of the Beal Property Tax Law are:
Section 1010 provides for a one-year period for redemption. This is a minimum period. Since the purpose of the law is to *304 provide the machinery for effectively collecting local property taxes, there is no statutory objection to an extension of the period. The fact that the local tax act provides for a two-year redemption period is not inconsistent.
Section 1018 provides in subdivision 4 that when the county is the purchaser at the tax sale, and the property is not redeemed within the prescribed period, ‘1 the conveyance shall run to and name the county as grantee and the title * * * may be disposed of * * * at such times * * * as shall be determined by a majority of the board of supervisors at any meeting thereof ”.
Although the Onondaga County Tax Act provides that the Treasurer may issue a deed to the Board of Supervisors, section 1018 is mandatory. The county act does not provide for alternatives, and the provisions of the Beal Property Tax Law should be decisive. (County Securities v. Seacord, 278 N. Y. 34. See Matter of Ueck, 286 N. Y. 1, 7.)
However, even if his discretion is conceded, the County Treasurer had no express authority to sell a tax certificate or execute a deed to a private person after the period of redemption had expired. His attempt, to do so would have no legal effect. (Werking v. Amity Estates, 2 N Y 2d 43.)
There is one further proposition regarding the position of the plaintiff and his rights to the property. Ostensibly, the statutory period of redemption has run, and the title rests with Onondaga County. However, there has been no formal conveyance to the county as required. (Beal Property Tax Law, §§ 1018, 1020.) Whether or not this technical failure entitles the delinquent taxpayer to an extended period of redemption need not be determined in this proceeding. (See Olds v. City of Jamestown, 280 N. Y. 281.)
There is a fundamental defect in the proceedings which prohibits the county from claiming title to the property. Section 1014 (subd. 1) provides that three months before the expiration of the redemption period, there must be a publication of a notice, ‘ ‘ specifying particularly every parcel unredeemed ’ ’. The court finds that the notice of redemption was defective in that it did not adequately describe the affected parcel.
The Tax Law provides that the properties will be published in the form of a list in appropriate newspapers. The property described should be sufficiently identified to alert a taxpayer that his property is involved. (McCoun v. Pierpont, 232 N. Y. 66 ; Kiamesha Development Corp. v. Guild Props., 4 N Y 2d 378 ; Helterline v. People, 295 N. Y. 245.) The affected parcel has *305 been described in various ways: (1) On the assessment roll— ‘ ‘ approximately 4 acres in Hazard Heights, West Genesee Street, Farm Lot 149”. (2) In the improper tax deed— “Hazard Heights — Farm Lot 149, approx. 4 acres ”. (3) In the notice of sale and notice of redemption — “Farm Lot 149, 4 Acres ”.
Plaintiff concedes that the parcel is technically not part of Hazard Heights. However, the phrase “ Hazard Heights ” is the method the taxpayer had of identifying this particular lot 149 containing 4 acres. Without it, there is not a sufficient description to alert the owner. (Hunt v. Dekin, 298 N. Y. 575 ; County of Westchester v. Village of Croton-on-Hudson, 19 Misc 2d 512.)
The description does not have to be complete or exactly like that on the assessment roll. However, the flag or warning words which clearly alert the taxpayer and clearly identify the property are “ Hazard Heights ”. When omitted, there is not sufficient notice.
Defendant argues that the property had been sold for taxes on at least one other occasion, and the same description had been used in the notice. He contends that this fact prohibits plaintiff from raising the objection at this time. Assuming defendant’s facts are correct, there is no way of establishing that plaintiff saw the notice or relied upon it on the previous occasion. In any event, a faulty description does not improve with usage. The technical requirements of the law must be adhered to strictly since these statutes divest a property owner of his property. (Clason v. Baldwin, 152 N. Y. 204 ; Working v. Amity Estates, 2 N Y 2d 43 ; Helterline v. People, 295 N. Y. 245.)
In view of the foregoing, the deed to the defendants is a nullity. The County Treasurer and the defendants shall deliver an executed quitclaim deed to the plaintiff upon receipt from her of the following:
1. The owner shall pay to the defendant purchasers a sum of money equal to the total amount of the payments the defendant purchasers made to the county, plus interest at the rate of 10% per annum from the date of payment. (Real Property Tax Law, § 1010.)
2. The purchasers shall also be reimbursed for any and all disbursements or fees including attorneys ’ fees other than those involved in this proceeding.
3. The purchasers shall be paid attorneys’ fees for this proceeding in the amount of $400 plus any disbursements.