William J. Crangle, J.
This is a petition pursuant to OPLR article 78 to compel the Board of Supervisors of Fulton County to designate the Johnstown Patriot as an official newspaper pursuant to section 214 (subd. 2) of the County Law.
The pertinent part of that statute states: “ The board of supervisors shall annually designate at least two newspapers published within the county as official newspapers for the publication of all local laws, notices and other matters required by law to be published. In such designations consideration shall be given to those newspapers advocating the principles of the two major political parties into which the people of the state are divided and their general circulation throughout the county. If there be but one newspaper having circulation in the county, that newspaper shall be designated.”
The petitioner takes the position, in effect, that since it claims to be one of only two newspapers published within the county it must be designated by the Board of Supervisors regardless of ■the other considerations mentioned in the statute. The respon *1034 dent opposes this and moves to dismiss the petition as being insufficient.
It has been held in the Third Department that where a choice between two newspapers vying for a single designation has been made by a board of supervisors a court will not interfere unless the board’s designation is so unreasonable that no sensible man could reach the same result. (Matter of Relihan v. Brink, 285 App. Div. 729.)
Here instead of weighing the qualifications of two competing newspapers the Board of Supervisors has been asked to determine the qualifications of one applicant for a single designation. The Board of Supervisors has presumably rejected petitioner’s qualifications upon a weighing of the considerations set forth in the statute, to wit, (1) whether the applicant’s publication is in fact a newspaper, (2) whether the principles of one of the two major political parties are advocated by it and (3) whether it has general circulation in Fulton County. Thus the two situations are analogous and the comments of the court in Matter of Relihan v. Brink (supra) are applicable to this case.
Accepting petitioner’s allegations in their most favorable light it is established that petitioner is a domestic corporation with offices in Fulton County; that it publishes weekly the Johnstown Patriot which consists of pictures, editorials, church news and classified advertisements; that certain other persons and organizations have given it mailing privileges, used it for publishing notices and admitted it to trade membership; that it has once formerly been designated by respondent and that a demand for designation was again made on November 8,1971.
Upon these allegations the petitioner does not make out a factual situation upon which it might be said that the Board of Supervisors has abused its power. The board has a duty to expend public moneys without waste and inefficiency. The objective in the selection of an official newspaper is to assure that official notices are read by as many people throughout the county as possible. Where a board already has designated one newspaper of general circulation as an official newspaper it is not required to name any other publication which applies for designation merely because it is published within the county. The board is bound by the considerations set forth in the statute' and must reject a publication which is for example simply a vehicle of private editorial opinion or an advertising hand-out. (See People ex rel. Troy Press Co. v. Common Council, 114 App. Div. 354, 356, mod. 186 N. Y. 548.)
*1035 The board’s decision not to designate petitioner’s publication upon the facts shown seems entirely reasonable. At most there is here ‘ ‘ merely a debatable issue of judgment in the exercise of public power ” and the court should not interfere. (Matter of Relihan v. Brink, supra, p. 731.)
It has just recently been reiterated by the Court of Appeals, in a case involving the designation of a newspaper where the statute required the designation of a paper published daily and there was only one such newspaper in the* county, that such designation by a public board is not purely a ministerial act. The court pointed out that in every such case some element of discretion is involved, some exercise of judgment to determine whatever tests the statute may prescribe. This duty of determination is not vested in the court but in the elected officials making up the board and this determination should not lightly be disturbed. (Matter of Martinelli v. City Clerk, Yonkers, 29 N Y 2d 274.)
It might have been said that without two newspapers having been designated difficulties will inevitably be encountered with respect to the publication requirements of the Tax Law, the Election Law and other similar statutes in the county. Parenthetically these difficulties are known to arise even when two newspapers are named if one or both of them are not adequate to give proper notice to the persons intended. (Botens v. Aronauer, 66 Mise 2d 5.) The remedy for this in counties such as Fulton, where only one newspaper is allegedly published, would be an amendment to the statute to allow for the designation of a newspaper published outside the county but with substantial general circulation within the county. This solution lies with the Legislature. In the meantime the smaller counties must comply with the law to the extent possible under the circumstances existing.
The petition is dismissed without prejudice.