James N. White, J.
Petitioner, as agent for Richard Spell-man, brings this action for a warrant to remove the respondents from certain property commonly known as 7 Franklin Street, Fultonville, New York. The property in question is a residential parcel which respondents purchased in May, 1969, and which they have used as a residence continuously since that time.
Petitioner contends that on October 26, 1972, his principal, Richard Spellman, purchased said property at a tax sale, that the period of redemption expired on October 26, 1975, and that on November 19, 1975, the Montgomery County Treasurer delivered a tax deed to Spellman which was recorded the following day.
The respondents, in their answer and counterclaim, do not dispute the above facts but raise several issues which they contend negate this tax sale. They argue that the sale was not proper since the county treasurer did not publish notices of sale and redemption in proper newspapers, the notice of redemption was not properly given to the respondents in accordance with subdivision 7 of section 1014 of the Real Property Tax Law, as amended, and the description of the property used in connection with the tax sale was too vague.
On the question of publication, the occupants argue that the board of supervisors did not comply with the mandate of subdivision 1 of section 214 of the County Law in designating newspapers within the county to publish concurrent resolutions, and thus the entire delinquent tax sale procedure is *990 jurisdictionally defective and the subsequent sale and deed are a nullity.
The petitioner’s claim to the property arises from a tax sale under title 1 of article 10 of the Real Property Tax Law (§§ 1000-1030). Subdivision 1 of section 1002 states that the county treasurer shall cause a notice of tax sale to be published at least once in each week for six weeks in two newspapers designated for the publication of the concurrent resolutions. The method of the designation of newspapers for the publication of concurrent resolutions is governed by subdivision 1 of section 214 of the County Law which specifically provides that the members of the board of supervisors representing each of the two principal political parties shall designate annually the newspaper published within the county to publish the concurrent resolutions of said board. This designation must be in writing and signed by a majority of the members representing each of said political parties.
There is no question that the clerk of the board of supervisors filed with the Department of State in 1972 a form in which he certified that the Amsterdam Evening Recorder (Republican) and the Mohawk Valley Democrat (Democrat) were duly designated pursuant to subdivision 1 of section 214 of the County Law to publish concurrent resolutions for that year. A similar certification was filed in 1974 in which the afore-mentioned newspapers, together with the Canajoharie Courier, were listed, although there was no designation of a political party for the Canajoharie paper. However, it is clear from the affidavit of the present County Attorney, who personally searched the records of proceedings of the board of supervisors for more than 20 years past, that during this 20-year period there has been no resolution by the board designating newspapers for the publication of concurrent resolutions in the manner prescribed by subdivision 1 of section 214 of the County Law. There is no question that the board has adopted annual resolutions designating specified newspapers as official county newspapers for the publication of any and all legal notices, but these resolutions do not comply with the afore-mentioned provisions of the County Law.
Petitioner argues that this failure is not jurisdictional and the requirements of subdivision 1 of section 214 of the County Law are directory rather than mandatory. Petitioner also contends that respondents had actual notice of this tax sale and have been in no way prejudiced by the failure of the *991 county to strictly comply with the proper mode of designating newspapers for the publication of notices of tax sale. However, the proceedings in connection with a tax sale are purely statutory and the title of an owner cannot be divested without strict compliance with all the provisions of the statute. (Clason v Baldwin, 152 NY 204.) It is the general rule that tax statutes are to be strictly construed and any doubt is resolved in favor of the taxpayer and against the taxing authority. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 313, subds b, c.)
In the Matter of Steuben Advocate v Board of Supervisors of County of Steuben (5 AD2d 803), the court held that the notices of tax sales of real estate must be published in the two newspapers "designated for the publication of the concurrent resolutions” in accordance with the provisions of subdivision 1 of section 214 of the County Law. The Court of Appeals reversed the Appellate Division, Second Department, in London v Hammel (27 NY2d 630), holding that the failure of the county treasurer to include an additional sum in the published notice was a substantial deviation from the mandate of the statute. The court stated that the statutory provision, for the benefit of the owner, should be strictly construed in his favor, even if the owner may have eventually received notice of the correct amount by methods other than required by the statute, and therefore held the tax deed was void and the owner permitted to redeem the property.
Matter of Evans v Colvin (54 Misc 2d 927), was a proceeding which involved the tax sale of real property where publication was made in newspapers not designated for the publication of concurrent resolutions, a situation strikingly similar to the present case. The court held that defects in the publication of notices affected jurisdiction upon constitutional grounds and thus found that the tax deeds in question were void and ordered cancellation of said tax sales. (See, also, Devine v County of Suffolk, 71 Misc 2d 883, and cases cited therein.)
Thus it is apparent that tax statutes should not be extended beyond the clear import of the language used and in case of doubt, should be construed most strictly against the government and in favor of the citizen. This would be particularly true in a proceeding involving the taking of private property by a governmental agency, where the statute must be strictly construed in view of the very severe penalties to a delinquent taxpayer.
*992 In the instant case, the county failed to comply with subdivision 1 of section 214 of the County Law by not properly designating newspapers for the publication of the concurrent resolutions. Thus subdivision 1 of section 1002 of the Real Property Tax Law was not complied with and the publication of the notice of tax sale was improper. Therefore, the deed from the county treasurer to Richard Spellman dated November 19, 1975, is void.
Following the procedure set forth in De Stefano v Kaufman (66 Misc 2d 302), in which the Supreme Court of Onondaga County held that a tax sale was invalid, this court directs that on or before April 1, 1977, the county treasurer and petitioner’s principal, Richard Spellman, shall deliver an executed quit claim deed to the respondents, upon receipt from the respondents of a sum of money equal to the total amount paid by Spellman to the county, plus interest at the rate of 10% per annum. In addition, respondents shall reimburse Spellman for any and all disbursements or fees incurred by him in connection with this matter, and the court further directs that the respondents shall pay attorney’s fees to the petitioner in the amount of $350 plus disbursements.