Hon. Robert I. Williamson Tompkins County Attorney
You ask our opinion whether under the requirements of County Law §214 subds 1 and 2, your county must designate two newspapers if the members of the county board of representatives (county board) wish to designate only one. You state that there are several newspapers published in your county, one of which, with circulation in excess of 20,000, is distributed county-wide, whereas the others, having circulation of from 600 to 1,200, are distributed only in portions of the county.
County Law § 214 contains provisions for designation of newspapers for two purposes. Subdivision 1 requires the members of a county board representing each of the two principal political parties into which the people of the State are divided to designate annually a newspaper published within the county to publish concurrent resolutions of the Legislature, election notices issued by the Secretary of State and the official canvass of elections. This publication requirement relates to matters that are primarily of statewide concern. Subdivision 2 requires the county board annually to "designate at least two newspapers published within the county as official newspapers for the publication of all local laws, notices and other matters required by law to be published". This publication requirement relates to matters primarily of local concern. It was held in Peo. ex rel. Bonheur v Christ, 208 N.Y. 6 (1913) that the manner of designation prescribed in subdivision 1 must be followed in making the designation under subdivision 2. Each subdivision authorizes the appointment of only one newspaper if there is only one newspaper published in the county. For each subdivision, a 1973 amendment provides that an independent newspaper not advocating the principles of any political party is not disqualified from being considered for designation.
You inquire whether the case In the Matter of Myers-Brooks PublishingCo., Inc. v Board of Supervisors of Fulton County, 68 Misc.2d 1033 (Sup Ct, Fulton Co, 1972) may be authority for the appointment of only one official newspaper even though more than one newspaper is published in the county.
The Myers-Brooks case was brought by a publisher to compel the Fulton County board to designate its publication as one of the official newspapers, only one having been designated. The Court was careful to use the word "newspaper" when referring to the single newspaper which had been designated as the official newspaper, and to refer to the other periodically printed and issued document as a "publication". The opinion rests upon the basis that the other "publication" constituted what is sometimes termed a "pennysaver" or "throw-away". (Such a publication does not qualify as a newspaper under the criteria laid down by County Law § 214, Public Officers Law § 70-a or 39 USCA ch 63 [§§ 4351-4422].) We enclose copies of the following informal opinions of this office which comment upon such nonqualifying publications: 1963 Op Atty Gen 102, 1963 Op Atty Gen 118, and 1968 Op Atty Gen 72.
Walsh v Blair, 89 Misc.2d 989 (Co Ct, Montgomery Co, 1977), resulted in a county tax sale of real property being set aside because there had not been two newspapers properly designated as official newspapers under County Law § 214.
County Law § 214 states that "general circulation" of a newspaper is to be considered in making designations of official newspapers. "General circulation" of a newspaper, in judicial interpretations of the statute in its present form, is held not to be a controlling factor. In Botens vAronauer, 66 Misc.2d 5 (Sup Ct, Orange Co, 1971), it was held that designations of low circulation newspapers having only partial county distribution were contrary to the intent of County Law § 214 and a tax sale of real estate for nonpayment of taxes, advertised in those newspapers, was void. However, that determination was unanimously reversed without opinion in 38 A.D.2d 969 (2d Dept) and the reversal was unanimously upheld in 32 N.Y.2d 243, where the Court expressed reservations as to the wisdom of the statutory pattern and suggested changing the present clear mandate of the statute but stated that the change was a function of the Legislature, not a task for the Courts.
In our opinion, in a county in which two or more newspapers are published, two newspapers must be designated as official newspapers of the county board. The only occasion when but a single newspaper can be designated is when only one newspaper is published in the county.