Hon. Thomas B. Hayner Schenectady County Attorney
You report that in 1972 and for many years prior thereto, treasurers of Schenectady County, on behalf of the county, bid in tax delinquent properties at tax sales if other bids were not made or if the county already had an interest in a property through having bid it in at a previous tax sale. No deeds were given by the county treasurers to the county upon the expiration of the redemption periods because deeds were never demanded by the county board of supervisors. If a third party wished to purchase property, the county treasurer would compute the amount due and, upon receiving that amount on behalf of the county, would assign the county's tax sale certificates to the third party and then upon demand execute a deed of the property to the third party. The county board of supervisiors had never authorized or directed the county teasurer to follow the practice but was aware of it and made no objection to it.
Over the years the county treasurers issued many deeds under this procedure. Some of the deeds were held to be invalid and to have conveyed no title in a decision in cross actions brought in the Supreme Court, Schenectady County, entitled: Van Wormer, et al. v Leversee, et al., andLeversee, et ano. v Solak, et al. The decision was made on March 5, 1976, by the Honorable James Gibson, but is unreported. (Judge Gibson, a former Associate Judge of the Court of Appeals [1969-1972], was sitting as a Justice of the Supreme Court under authority of the New York State Constitution Article VI § 25 subd b.) The proper practice under Real Property Tax Law Article 10 Title 1 (§§ 1000-1030) is explained in detail in the Van Wormer opinion and also in Osterhout v Sardo,66 A.D.2d 167 (3d Dept, 1979) and DeStefano v Kaufman, 66 Misc.2d 302
(Sup Ct, Sp Term, Onondage County, March 1, 1971). (Predecessor Tax Law provisions under which the earlier tax sales involved in these cases had been conducted were essentially the same as the current provisions.)
It is an inescapable conclusion that all Schenectady County tax deeds given by following the procedure described earlier are subject to the same infirmity found by Judge Gibson.
There is no question that the public officers involved believed they were acting properly and according to law, there was no bad faith by them or purchasers of the tax sale deeds, the amounts paid constituted good and sufficient consideration and the board of supervisors was satisfied with the amounts received by the county and the procedures that were followed.
You request our opinion how purchasers by the method described above or their successors in interest can be provided with titles equivalent to title normally acquired by tax deed or acquired by conveyance from the county after the county has obtained title by tax deed.
"The Legislature may validate retrospectively any proceeding which it might have authorized in advance" (Matter of Pardee v Reyfield,192 App. Div. 5 at p 12 [4th Dept, 1920], affd without op 230 N.Y. 543). To the same effect, see: Dunkum v Maceck Building Corp., 256 N.Y. 275 at p 285 (1931); County Securities, Inc. v Palmer, 255 App. Div. 791 (2d Dept, 1938), affd 280 N.Y. 723; City of Syracuse v Murray, 179 Misc. 244
(Sup Ct, Onondage Co, 1942); Griffin v City of Syracuse, 179 Misc. 250
(Sup Ct, Onondaga Co, 1942).
There is no constitutional or other reason why the Legislature could not have authorized the Schenectady County procedure in advance. No intervening property rights in others have vested in the meantime. Hence, the Legislature may validate retrospectively the procedure which was followed for the years in question if the Schenectady County Board of Representatives requests such legislation.